IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ROBERT J. ALEXANDER III,<br><br>Petitioner.<br>_____ | No. C 08-3961 MMC (PR)<br><br>**ORDER OF DISMISSAL; DIRECTING CLERK TO RETURN CASSETTE TAPES TO PETITIONER** |

On August 19, 2008, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges the revocation of his parole, which revocation he claims occurred because special parole conditions were unlawfully imposed.

According to the allegations in the petition, petitioner's parole was revoked on April 29, 2008.  Subsequently, petitioner filed a state habeas corpus petition in the Alameda County Superior Court, challenging the imposition of the special parole conditions and the revocation of parole.  On August 1, 2008, the Superior Court denied the petition.  Petitioner does not state that after such denial he has sought further state habeas corpus relief; in particular, he does not state he has sought, and been denied, relief from the Supreme Court of California.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  See 28 U.S.C. § 2254(b)-(c), Rose v. Lundy, 455

U.S. 509, 515-16 (1982).  The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "an initial opportunity to pass upon and correct alleged violations of its prisoners federal rights."  Picard v. Connor, 404 U.S. 270, 275 (1971) (internal quotations and citation omitted).  If available state remedies have not been exhausted as to all claims raised in a federal habeas corpus petition, the district court must dismiss the petition.  See Rose, 455 U.S. at 510.  A dismissal solely for failure to exhaust is not a bar to a petitioner's returning to federal court after exhausting available state remedies.  See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

In the instant case, before petitioner may, by way of federal habeas corpus, raise claims challenging either the imposition of special conditions of parole or the revocation of his parole, he must present such claims in the state courts, including the Supreme Court of California.  As petitioner has not presented his claims to the highest state court, he has not exhausted his state remedies.  Consequently, the petition must be dismissed.

Accordingly, the instant petition is hereby DISMISSED.  Such dismissal is without prejudice to petitioner's filing a new federal habeas petition once he has exhausted his state remedies by presenting his claims to the highest state court.

The Clerk of the Court is hereby DIRECTED to close the file and to return to petitioner the two cassette tapes of his parole revocation hearing that petitioner filed as exhibits to the instant petition.  (Docket No. 2.)

IT IS SO ORDERED.

DATED: August 27, 2008

_____
MAXINE M. CHESNEY
United States District Judge