FILED

08 AUG 28 PM 1:50

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

CV 08    3961

|                          |   |                              |
|--------------------------|---|------------------------------|
|                          | ) |                              |
| Plaintiff,               | ) | CASE NO. _____     |
|                          | ) |                              |
| vs.                      | ) | PRISONER'S                   |
|                          | ) | APPLICATION TO PROCEED       |
|                          | ) | IN FORMA PAUPERIS            |
|                          | ) |                              |
| Defendant.               | ) |                              |
| _____  | ) |                              |

MMC
(PR)

I, *Robert Alexander*, declare, under penalty of perjury that I am the

plaintiff in the above entitled case and that the information I offer throughout this application

is true and correct. I offer this application in support of my request to proceed without being

required to prepay the full amount of fees, costs or give security. I state that because of my

poverty I am unable to pay the costs of this action or give security, and that I believe that I am

entitled to relief.

In support of this application, I provide the following information:

1.    Are you presently employed? Yes ____ No ☒

If your answer is "yes," state both your gross and net salary or wages per month, and give the

name and address of your employer:

Gross: _____ *N/A* _____ Net: _____ *N/A* _____

Employer: _____

_____

If the answer is "no," state the date of last employment and the amount of the gross and net salary and wages per month which you received.  (If you are imprisoned, specify the last place of employment prior to imprisonment.)

*American Automotive Association (AAA)*

*Oakland Auto Guardian*

*Emergency Road Side Assistance*

2.    Have you received, within the past twelve (12) months, any money from any of the following sources:

|  |  |  |  |
|---|---|---|---|
| a. | Business, Profession or self employment | Yes _____ | No ☒ |
| b. | Income from stocks, bonds, or royalties? | Yes _____ | No ☒ |
| c. | Rent payments? | Yes _____ | No ☒ |
| d. | Pensions, annuities, or life insurance payments? | Yes _____ | No ☒ |
| e. | Federal or State welfare payments, Social Security or other govern-ment source? | Yes _____ | No ☒ |

If the answer is "yes" to any of the above, describe each source of money and state the amount received from each.

_____ *N/A* _____

_____

3.    Are you married?                    Yes ☒  No _____

Spouse's Full Name: *Sevon Atias*

Spouse's Place of Employment: *APPLEBEES Restaurant*

Spouse's Monthly Salary, Wages or Income:

Gross $ *Min Wage*        Net $ *Maternity leave*

4.    a.    List amount you contribute to your spouse's support:$ *N/A*

b.   List the persons other than your spouse who are dependent upon you for support and indicate how much you contribute toward their support. (NOTE: For minor children, list only their initials and ages. DO NOT INCLUDE THEIR NAMES.).

S.E.A   Newborn Son on August 17, 2008

_____

5.   Do you own or are you buying a home?          Yes ___   No ⊠

Estimated Market Value: $____ N/A   Amount of Mortgage: $____ N/A

6.   Do you own an automobile?                        Yes ⊠   No ___

Make  Toyota     Year  95     Model  Camry

Is it financed? Yes _____ No ⊠ If so, Total due: $____ N/A

Monthly Payment: $____ NA

7.   Do you have a bank account? Yes ____ No ⊠ (Do not include account numbers.)

Name(s) and address(es) of bank: ____ N/A

_____

Present balance(s): $____ N/A

Do you own any cash? Yes ___ No ⊠ Amount: $____ N/A

Do you have any other assets? (If "yes," provide a description of each asset and its estimated market value.) Yes ____ No ⊠

_____

8.   What are your monthly expenses?

Rent: $ 1,100.      Utilities: $ 150

Food: $ 8/100      Clothing: 75-100.

Charge Accounts:

| Name of Account | Monthly Payment | Total Owed on This Acct. |
|---|---|---|
| American Express | $ 60.00 | $ 2,200 |
| American Express | $ 50.00 | $ 3,000. |
| | $ | $ |

9.    Do you have any other debts?  (List current obligations, indicating amounts and to whom they are payable.  Do not include account numbers.)

_$30,000.  Valley CARE Medical Center, Pleasanton, CA._

_Emergency hand Surgery_

10.    Does the complaint which you are seeking to file raise claims that have been presented in other lawsuits?  Yes  X  No ___

Please list the case name(s) and number(s) of the prior lawsuit(s), and the name of the court in which they were filed.

_CV 08 2987 MMC (PR)  U.S. DISTRICT COURT_

_CV 08 2727 MMC (PR)  U.S. DISTRICT COURT_

I consent to prison officials withdrawing from my trust account and paying to the court the initial partial filing fee and all installment payments required by the court.

I declare under the penalty of perjury that the foregoing is true and correct and understand that a false statement herein may result in the dismissal of my claims.

_8/24/08_
DATE

SIGNATURE OF APPLICANT

PRIS. APP. TO PROC. IN FORMA PAUPERIS

- 4 -

1
2          **Case Number:** _CV08 3961 MMC_
3                                    _(PR)_
4
5
6
7
8                   **CERTIFICATE OF FUNDS**

9                              **IN**

10                  **PRISONER'S ACCOUNT**

11

12          I certify that attached hereto is a true and correct copy of the prisoner's trust account

13    statement showing transactions of _AYC-552 Samuel_ for the last six months

14    _Santa Rita Jail_ [prisoner name] _Alexander March/26th 2008_ where (s)he is confined. _arrest date_
                                            [name of institution]

15          I further certify that the average deposits each month to this prisoner's account for the
      _March 26 th, 2008_
16    most recent 6-month period were $_____ and the average balance in the prisoner's

17    account each month for the most recent 6-month period was $_____.

18

19    Dated:_____            _____
20                                      [Authorized officer of the institution]

21

22

23

24

25

26

27

28

- 5 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

**INSTRUCTIONS FOR PRISONER'S**
**IN FORMA PAUPERIS APPLICATION**

You must submit to the court a completed Prisoner's In Forma Pauperis Application if you are unable to pay the entire filing fee at the time you file your complaint or petition. Your application must include copies of the prisoner trust account statement showing transactions for the last six months and a certificate of funds in prisoner's account, signed by an authorized officer of the institution.

A.    **Non-habeas Civil Actions**

Effective April 9, 2006, the filing fee for any civil action other than a habeas is $350.00. Even if you are granted leave to proceed in forma pauperis, you must still pay the full amount of the court's filing fee, but the fee will be paid in several installments. 28 U.S.C. § 1915.

You must pay an initial partial filing fee of 20 percent of the greater of (a) the average monthly deposits to your account for the 6-month period immediately before the complaint was filed or (b) the average monthly balance in your account for the 6-month period immediately before the complaint was filed. The court will use the information provided on the certificate of funds and the trust account statement to determine the filing fee immediately due and will send instructions to you and the prison trust account office for payment if in forma pauperis status is granted.

After the initial partial filing fee is paid, your prison's trust account office will forward to the court each month 20 percent of the most recent month's income to your prison trust account, to the extent the account balance exceeds ten dollars ($10.00). Monthly payments will be required until the full filing fee is paid. If you have no funds over ten dollars ($10.00) in your account, you will not be required to pay part of the filing fee that month.

**If your application to proceed in forma pauperis is granted, you will be liable for the full $350.00 filing fee even if your civil action is dismissed. That means the court will continue to collect payments until the entire filing fee is paid. However, if you do not submit this completed application the action will be dismissed without prejudice and the filing fee will not be collected.**

B.    **Habeas Actions**

The filing fee for a habeas action is $5.00. If you are granted leave to proceed in forma pauperis you will not be required to pay any portion of this fee. If you are not granted leave to proceed in forma pauperis you must pay the fee in one payment and not in installments. **If you use a habeas form to file a non-habeas civil action, you will be required to pay the $350.00 filing fee applicable to all non-habeas civil actions.**

IFP APPLI.-PRISONER (Rev. 4/06)

**ORIGINAL FILED**

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

AUG 1 9 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Dear Sir or Madam:

Your complaint has been filed as civil case number **CV 08** _____ **3961** **MMC**

A filing fee of $350.00 is now due. If you are unable to pay the entire filing fee at this time, you must sign and complete this court's Prisoner's <u>In Forma Pauperis</u> Application in its entirety. If the application is granted, you will not have to prepay the fee, but it will be taken out of income to your prisoner account in installments. **(PR)**

Your complaint is deficient because you did not pay the filing fee and:

1. ____ you did not file an <u>In Forma Pauperis</u> Application.    *E-filing*

2. ____ the <u>In Forma Pauperis</u> Application you submitted is insufficient because:

      ____ You did not use the correct form. You must submit this court's current Prisoner's <u>In Forma Pauperis</u> Application.

      ____ Your <u>In Forma Pauperis</u> Application was not completed in its entirety.

      ____ You did not sign your <u>In Forma Pauperis</u> Application.

      ____ You did not submit a Certificate of Funds in Prisoner's Account completed and signed by an authorized officer at the prison.

      ____ You did not attach a copy of your prisoner trust account statement showing transactions for the last six months.

      ____ Other _____

Enclosed you will find this court's current Prisoner's <u>In Forma Pauperis</u> Application, which includes a Certificate of Funds in Prisoner's Account form, and a return envelope for your convenience.

**Warning: YOU MUST RESPOND TO THIS NOTICE. If you do not respond within THIRTY DAYS from the filing date stamped above, your action will be DISMISSED, the file closed and the entire filing fee will become due immediately. Filing a Prisoner's <u>In Forma Pauperis</u> Application will allow the court to determine whether installment payment of the filing fee should be allowed.**

Sincerely,
RICHARD W. WIEKING, Clerk,

By_____
           Deputy Clerk

*ALEXANDER*

rev. 11/07

I declare under penalty of perjury that I Robert J. Alexander III. The Petitioner in the civil/Petition case # CV08 3961 MMC (PR) had made several attempts to have my I.F.P Application certified by the Housing Deputy's in Mental Health/Ad-Seg building #9. However, the result proves to be useless. they do not have the training to understand the importance of legal matters it seems. Or maybe since this is a Mental Health building, they could possibly think that I'm a Mental health inmate, when I'm not. My observation has brought me to realize that I am among severly disturbed individuals who ramble on about unclear issues. I am therefore declaring under penalty of perjury that I have not money on my trust account. Also the court can verify this information. I do apologize for the inconvienance. Respectfully submitted,

Robert J. Alexander
Petitioner,

8-24-08

*I have a legal dead line.*

*I need this account statement.*

*Thank you.*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

**INSTRUCTIONS FOR PRISONER'S
IN FORMA PAUPERIS APPLICATION**

You must submit to the court a completed Prisoner's In Forma Pauperis Application if you are unable to pay the entire filing fee at the time you file your complaint or petition. Your application must include copies of the prisoner trust account statement showing transactions for the last six months and a certificate of funds in prisoner's account, signed by an authorized officer of the institution.

**A.    Non-habeas Civil Actions**

Effective April 9, 2006, the filing fee for any civil action other than a habeas is $350.00. Even if you are granted leave to proceed in forma pauperis, you must still pay the full amount of the court's filing fee, but the fee will be paid in several installments. 28 U.S.C. § 1915.

You must pay an initial partial filing fee of 20 percent of the greater of (a) the average monthly deposits to your account for the 6-month period immediately before the complaint was filed or (b) the average monthly balance in your account for the 6-month period immediately before the complaint was filed. The court will use the information provided on the certificate of funds and the trust account statement to determine the filing fee immediately due and will send instructions to you and the prison trust account office for payment if in forma pauperis status is granted.

After the initial partial filing fee is paid, your prison's trust account office will forward to the court each month 20 percent of the most recent month's income to your prison trust account, to the extent the account balance exceeds ten dollars ($10.00). Monthly payments will be made until the full filing fee is paid. If you have no funds over ten dollars ($10.00) in your account, you will not be required to pay part of the filing fee that month.

**If your application to proceed in forma pauperis is granted, you will be liable for the full $350.00 filing fee even if your civil action is dismissed. That means the court will continue to collect payments until the entire filing fee is paid. However, if you do not submit this completed application the action will be dismissed without prejudice and the filing fee will not be collected.**

**B.    Habeas Actions**

The filing fee for a habeas action is $5.00. If you are granted leave to proceed in forma pauperis you will not be required to pay any portion of this fee. If you are not granted leave to proceed in forma pauperis you must pay the fee in one payment and not in installments. **If you use a habeas form to file a non-habeas civil action, you will be required to pay the $350.00 filing fee applicable to all non-habeas civil actions.**

IFP APPLI.-PRISONER (Rev. 4/06)

I Robert J. Alexander III, hereby declare under Penalty of Perjury that the foregoing is true & correct to the best of my knowledge of the facts. Enclosed is Documentation, which should be included as Exhibits. To Show the reviewing Judge that I have made all attempts to Exhaust Administrative Remedies. 602 cdc Inmate Appeal forms that date back-log to March 24th, 2008. Two day prior to my current Arrest. However CDCR; Inmate Appeals Branch has stated that the issues raised are to be directed to a T. Pacheco, PAII APPEALS COORDINATOR REGION II. Endorsed & Stamped by Chief Inmate APPEAL Once Submitted to Region II appeals coordinator, he returns them to me, as incomplete not having any relevant issues. I returned them to CDCR. They forwarded documents to Region II DAPO San Leandro Parole office. Parole Agent Rivers & Unit Supervisor attaches a Sticker with a bar-code, and then returns documents to me without a response. After I Send the APPEALS Back to the Region II APPEALS COORDINATOR. I recieve them again returned unanswered with a 'Screen-out' form. On Fri 8-22-08. I have asked in my 'WRIT Petition Submitted to Superior Court that the Attorney General answer the issues raised in these documents aswell. They Pertain to my un-lawful arrest. Yet the issues are being ignored by DAPO agent Unit Supervisor's, BPH and CDCR: Parole Authority, the Attorney General and Region II Appeals coordinator. The Process is proving to be futile, and legaly inadequate. causing me to have Civil actions, and Petitions dismissed due to their negligence. Please Attach documents to my Petition to Federal Habes Corpus ...

Remedies. 602 CDC Inmate Appeal forms that date back-log to March 24th, 2008. Two day prior to my current Arrest. However CDCR; Inmate Appeals Branch has Stated that the issues raised are to be directed to a T. Pacheco, PA II APPEALS COORDINATOR REGION II. Endorsed & Stamped by Chief Inmate APPEAL Once Submitted to Region II appeals coordinator, he returns them to me, as incomplete not having any relevant issues. I returned them to CDCR. They forwarded documents to Region II DAPO San Leandro Parole office. Parole Agent Rivers & Unit Supervisor attaches a sticker with a bar-code, and then returns documents to me without a response. After I Send the APPEALS Back to the Region II APPEALS COORDINATOR. I recieve them again returned unanswered with a 'Screen-out' form. On Fri 8-22-08. I have asked in my WRIT Petition Submitted to Superior Court that the Attorney General answer the issues raised in these documents aswell. They Pertain to my unlawful arrest. Yet the issues are being ignored by DAPO agent Unit Supervisor, BPH. and CDCR: Parole Authority, the Attorney General and Region II Appeals coordinator. The Process is proving to be futile, and legaly inadequate. causing me to have Civil and possible Petitions dismissed due to their negligence. Please Attach documents to my Petition to Federal Habeas Corpus for Review. I am lay in the Law, and pray the Court ASSIST in my Petition related: 8-24-08, at Santa Rita Ja., T: Ad-Seg
P-9701 Arrestee

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
**REGION II APPEALS OFFICE**

**INMATE//PAROLEE APPEALS SCREENING**
**CDC 695 (Rev. 10/02)**

| | | | **Date:** | 08-01-08 |
|---|---|---|---|---|
| NAME *Alexander, Robert* | CDC *P07071* | | **LOG NUMBER** | |
| INSTITUTION *SFiTA* | | | **UNIT** *SCD* | |

Your appeal is being returned to you for the following reason(s):

☐ The action or decision you are appealing is not within the jurisdiction of DAPO. ☐ This is a BPH issue. CCR
3084.3©(1)

☐ You have already submitted an appeal on this same issue. Region II Log#:_____,    **CCR 3081.3©(2)**

☐ You cannot appeal an action or policy not yet taken.    CCR 3084.3©(3)

☐ You have not attempted to resolve your grievance at the Informal Level with:    _____,    **CCR 3084.3©(4)**

☐ You have not adequately completed your appeal and/or attached the proper documents.    CCR 3084.3©(5)
Please attach the following document(s)    _____

☐ You failed to file your appeal within 15 days of the event or decision.    CCR 3084.3©(6)

☐ This issue has been addressed already: See attached correspondence.    CCR 3084.2(g)

☒ You are abusing the appeal process by: ☐ Excessive filing. ☐ Excessive verbiage. ☒ Lack of cooperation.
☐ Inappropriate statements:_____. ☒ Voluminous unrelated documentation.    **CCR 3084.3©(8)**

☐ You are not authorized to appeal on behalf of another inmate.    CCR 3084.3©(7)

☐ This appeal was resolved at a lower level.  If you disagree with the decision, you had 15 working days from when you
received your appeal to file at a higher level.    CCR 3084.6.

☐ Inappropriate use of the appeal process.    ☐ Submit your request on CDC1233 Transfer Investigation
Request, and send it to your Parole Agent for processing.    ☐ This is not a request form.

☐ A limit of one continuation page (front and back) may be attached to the appeal to describe the problem and
action requested in sections A and B of the form.    CCR 3084.2(a)(1).

☐ You have failed to demonstrate an adverse effect on your welfare.    CCR 3084.1(a)

☒ Remark(s): *One appellant's submission of more than one non-emergency*
*appeal within a seven-callender-day period by that individual*
*shall be considered Excessive*    *2 nd*
**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE!**    Screen Out

☐ Please correct the indicated problems and return your appeal.

Note: Failure to follow instruction(s) will be viewed as non-cooperation and your
appeal will be automatically dismissed pursuant to CCR 3084.4(d).  The screening
decision may not be appealed.  If you feel that the above reason(s) is inaccurate,
please return this form with your appeal and an explanation as to why you feel this
screening action is incorrect.  Your argument will be reviewed and the appeal will be
reevaluated.  You have only 15 days to comply with the above directives.

*T. Pacheco, PA II (4)*

**T. Pacheco, PAII**
**APPEALS COORDINATOR**
**REGION II**

*Exhausted Administrative since,*

STATE OF CALIFORNIA

*Citizens complaint*

DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region     Log No.     Category

1. *San leandro II*           1. _____     *14*
   *C.D.C. Parole Region*
2. _____                   2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| *Alexander, Robert* | *P07071* | *Santa Rita/C.D.C. Building* | *3-F-9* |

**A.** Describe Problem: *I am questioning the motive for reprisal by parole agents pa-se at San leandro Region II. I contest the procedure and instructions given to Agent Johnson to apprehend me & threaten to take me into custody for trying to speak to a Supervisor. I am questioning the problem of Agent Bent Making Statements that Slander my character. And enforcing terrorist threats made by Agent Johnson on 3/24/08. Agent Bent as Supervisor confirmed his position yet he did rein State my previous terms & conditions of parole on Monday 3/24/08. Violating my due process of Rights, abuse of power displaying injust personal opinions.*

If you need more space, attach one additional sheet. *See attachment (Statement of facts)*

**B.** Action Requested: *I am requesting 1) A formal & thorough investigation into the treatment of Parolees by this agency (2) Request legal representation when required to Sign any document produce by this agency (3) Transfer of parole & parole officer (4) Internal Affairs Division review this matter (5) Psychological testing & evaluation of these Agent's (6) This report be documented in all their personell files.*

Inmate/Parolee Signature: *Rob AC*                Date Submitted: *3/24/08*

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____     Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

*Some one needs to make a response, this appeal has been sent to Regional Dapo and returned to me with no response or Log #. Exhausting Administrative Remedies*

Signature: *Rob AC*                            Date Submitted: *7/23/08*

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: [ ]

INMATE APPEALS BRANCH
RECEIVED
APR -5 2008

RECEIVED
JUL 2 9 2008
REGIONAL APPEALS

Statement of fact.

Friday March 21st 2008, I Robert J. Alexander, was released from custody by the Board of prison terms, via re revocation hearing. Charges was dismissed by Deputy commissioner Debra Star. The following monday on 3/24/ I reported to the San leandro Region II Parole office in hayward California, for my initial review upon being released from custody that previous Friday. I signed in at the front desk & filled out the additional form requesting information of address, phone/car, Job etc. I was then told that my parole agent Snyder wasn't in that office, that I would be seeing the officer of the day. Appointment 15 min. later, Agent Johnson asked me to come into the Secured door for my interview. upon entrance he states I remember you, I attended one of your hearings before. Your the guy who talked his way out of Some serious charges Friday. "how did you do that?" "My reply, "I didn't talk my way out of any thing, the facts were apparent that I didn't do any thing wrong." By this time we were at agent Snyder's desk in a office she shares with a person whom I recognized by attending my hearing the previous Friday with agent Snyder. A parole agent in training to made a agreeing comments to my answering statement to agent Johnson. Due to him being present at the hearing. Friday 3/21/08, as to why the charges was dismissed by D. Star. Soon thereafter, Agent Johnson opens what appears to be my case file, to begin our interview. upon review he states "you are aware that you are being given new condition of parole Since you was Released." I informed him of the fact that I find that odd due to the fact, that Deputy comissioner D. Star, my attorney Mark Denning, and I don't recall such a sanction being imposed Friday 3/21/08. I also questioned him as to why agent Snyder upset my wife who is 5 months pregnant, Friday 3/21/08. By telling her post hearing that I had signed a stay away order not to have any contact with her. And that my wife was so distraught that she need to seek medical attention to calm her anxieties and nerves. Agent Johnson then responded by presenting a form with highlighted marks, and a pen on the desk in front of me. "You have a new term and condition of parole. Sign and initial here and here. "You are not to have any contact with your wife, girlfriend, babys mother or whatever she is?" I was shocked by the apparent unprofessional conduct, and Sarcasism being displayed by a 'Civil Servant' of the Peace officer law... I immediately informed him that would be disaterous to me especially due to my wife accompanying me and Waiting in the lobby as we spoke. He stated that Parole officers can do what they want, they don't need a commissioner to impose anything. I picked up the form began to Scrutinize it's authority & Pointing a prerequisite prior to signing any legal document. Upon doing so the document revealed certain stating that; Due to an existing active restraining order against me, this being the grounds for the new revision. Based on this revelation I informed Agent Johnson that we should include his Supervisor, so that I can be advised of my rights & Due process. Also that I have pertinent proof with me and my wife outside that would set the grounds that are given in his document. I informed him of the fact that the trial court dismissed all charges against me and provided me with a Notice of Termination of restraint order that I could provide for my file. That my position is in que should I consult an attorney?" Agent Johnson then states "your refusing to sign but, you will now be asked to put your han behind your back !!" I denied refussing; I simply wanted to speak to his Supervisor a to better understanding position, rights, and recieve advice as to what to do with my wife who was here at the office with me. Also reinforcing my position of, having refuting evidence I did not feel comfortable being forced to sign a document that one is inaccurate by enc and two not binding my self to legal sanctions that could place my parole status in immediate jeopardy; Since I'm with my wife at present. Agent Johnson then instructs me to stop talking and remain seated while he retrieves the Supervisor. He returned momentarily with an agent later identified as agent Bent. Soon the after I was instructed to come into the hallway with them. Once in the hallway I was rushed against the wall placed in handcuffs and told that I was going to Jail. I instantly told the eight People who were handling me that I was, not resisting. That I'm simply being cooperative However I shouldn't be abducted and whisked away for asking to speak to the Super They then escorted me back to Agent Snyder's office, still in restraints. At this time Agent Bent make an appalling statement. "It Seems to me that you just keep getting away with beating up on woman!" I denied those accusations outright. Insisting that not once have I been convicted of Such a charge. Follow me with a question of what procedure, rule, or regulation, instructs your Agents in this office to threaten a parolee with being abducted and thrown into a waiting vehicle and whisked away Just for asking to speak to a Supervisor? I feel I need legal advice from an attorney He refused to answer that question. He did instruct me to remain calm while he takes the hand cuff off me. In order to allow me the chance to get the documents from my wife in front, for him to review. Also He reinstated my old existing terms of parole, once I retrieved the documents, he met with me & my wife at the door. He told us that he make a copy of all the documents, placing them in my c-file and to contact my parole Agent Snyder for a follow up. I collected (O.D.) Agent Johnson a Urine Sample signed ...

cing present at the ____ thereafter ____. Due to him on review he states if you are aware that you are being given new condition of parole once you was Released. I informed him of the fact that I find that odd due to the fact, that Deputy comissioner D.Star, my attorney Mark Denning and I don't recall such a saction being imposed Friday 3/21/08. I also questioned him as to why agent Snyder that I had signed a Stay away order not to have any contact with her post hearing upset my wife who is 5 months pregnant, Friday 3/21/08. By telling her post hearing that I had signed a Stay away order not to have any contact with her. And that my wife was so distraught that she need to seek medical attention to calm her anxieties and nerves. Agent Johnson then responded by presenting a form with highlighted marks, and a pen on the desk in front of me, "You have a new term and condition of parole sign and initial here and here." You are not to have any contact with your wife, girlfriend, babys mother or what ever she is." I was shocked by the apparent unprofessional conduct, and Sarcassan being displayed by a 'civil servent' of the peace officer law... I immediatly informed him that would be disasterous to me especially due to my wife accompanying me and waiting in the lobby as we spoke. He stated that "Peace officers can do what they want, they don't need a commissioner to impose anything." I picked up the form began to scrutinize it's authority & points, a prerequisite prior to signing any legal document. Upon doing so the document revealed verbas, stating that; Due to an existing active restraining order against me, this being the grounds for the new provision. Based on this revelation I informed Agent Johnson that we should include his supervisor, so that I can be advised of my rights of Due process Also that I have pertinent proof with me and my wife outside that would refut the grounds that are given in his document. I informed him of the fact that the trial court dismissed all charges against me and provided me with a Notice of Termination of restraint order, that I could provide for my file. That my position is in question should I consultan attorney?"

Agent Johnson then states "Your refusing to sign huh, you will now be asked to put your hand behind your back!!" I denied refusing; I simply wanted to speak to his Supervisor as to better understanding position, rights, and recieve advice as to what to do with my wife who was here at the office with me. Also reinforcing my position of; having refuting evidence and two not binding my self to legal sanctions that could place my parole status in immediate jeopardy; since I'm with my wife at present... Agent Jonson then instructs me to stop talking and remain seated while he retrieves the Supervisor. He returned momentarily with an agent later identified as agent Bent. Soon there after I was instructed to come into the hallway with them. Once in the hallway I was rushed against the wall placed in handcuffs and told that I was going to Jail: I instantly told the eight people who were handling me that I was not resisting. That I'm simply being cooperative, However I shouldn't be abducted and whisked away for asking to speak to the supervisor. They escorted me back to Agent Snyder's office, still in restraints. At this time Agent Bent make an appalling statement. "It seems to me that you just keep getting away with beating upon woman!" I denied those accusations outright. Insisting that not once have I been convicted of such a charge. Following up with a question of what procedures, rule, regulation, instructs your agents in this office to threaten a parolee with being abducted and thrown into a waiting vehicle and whisked away to Jail; just for asking to speak to a supervisor? I feel I need legal advice from an attorney." He refused to answer that question. He did instruct me to remain calm while he takes the time cuffs off me. In order to allow me the chance to get the documents from my wife in front, for him to review. Also he reinstated my old existing terms of parole. Once I retrieved the documents, He met with me & my wife at the door. He told us that he make a copy of all the documents, placed them in my e-file link to contact my parole Agent Snyder for a followup home visit. I gave the (O.O.) Agent Johnson a urine sample, signed my paper work and asked for a explanation as to who in fact instructed him to detain me and make the imposition. His answer was, "My Supervisor & Agent Snyder." My wife was escorted to the restroom by agent Aguilar. Thereafter I requested and recieved a 602 form from Agent Johnson. From the inside of a secured glass window.

I, Robert Alexander, Inmate #C.D.C. P07.071, Hereby swear that the foregoing statement is in fact the truth to the best of My recollection of Knowledge, ~~to~~ the said events. on this day March 29th 2008, In Dublin California. under Penalty of Pergary.

3/24/08

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION          ARNOL. .CHWARZENEGGER, GOVERNOR

## INMATE APPEALS BRANCH

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



May 21, 2008

ALEXANDER, ROBERT, P07071
Region II Parole Headquarters
1515 Clay Street, 10th Floor
Oakland, CA  94612

RE: IAB# 0728028          RE-ENTRY/PAROLE

Mr. ALEXANDER:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal. The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal. The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process. The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

The CDC 602, Inmate/Parolee Appeal Form, must be completed through the Second Level of Review on behalf of the Warden or Parole Region Administrator.
This appeal issue should be submitted to the assigned Parole Office for the next level of review.

*N. Grannis signature*

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

S E OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.    Category  14
1. Santa Rita facility
CDC San Leandro
2. _____    1. _____
2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| R. Alexander | P07071 | Santa Rita Jail | 3-F-9 |

**A.** Describe Problem: Unit Supervisor and Agent Snyder have violated my civil rights of Due Process. They have intentionally failed to make note in the CDC 15028 report. The fact that on 3/21/08 I was dismissed of all charges by D. Star at Merisley hearing Reported to Parole office Monday 3/24/08 for initial interview/urine analysis, Parole conditions were reinstated by Agent J. Bent. Documents placed in my C-file, and was in compliance with reporting within time upon being released from custody Fri. March 21st 2008. Agent Snyder manipulated her report as if to make one believe that on 3/26/08 was my first and only time reporting. However 3/24/08 was, & COP. was reinstated no warrant for Absconding was issued by weil March 26 2008.

If you need more space, attach one additional sheet.

**B.** Action Requested: I am requesting that an investigation be sought as to what in fact occurred on March 21st, 24th and 26th of 2008. (2) I request Agent Snyder account for her reasons to over ride the Unit Supervisors, and Deputy commissioners Decisions. (3) I request all parties held accountable for entrapment procedures & false Report

Inmate/Parolee Signature: _____    Date Submitted: 7/1/08

**C.** INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

INMATE APPEALS BRANCH

RECEIVED
APR - 7 2008

thru
Gr

Staff Signature: _____    Date Returned to Inmate: _____

**D.** FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Region II OAPO SLPL has returned this Legal document with no response. Exhausting Administrative Remedies

Signature: _____    Date Submitted: 7/23/08

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

RECEIVED
JUL 2 9 2008
REGIONAL II APPEALS

CDC Appeal Number: _____

I Robert J. Alexander, CDC.# P07071,
hereby foreSwear that my account of the fact are
true to the best of my knowledge. even penalty
of pargery. on this day April 1ST, 2008 at
Santa Rita Jail, in Dablin, CA.        4/1/08

STATE OF CALIFORNIA
CHARGE REPORT
CDC 1502-B (08/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
DISTRIBUTION
ORIGINAL – C-FILE
1ST COPY – FIELD FILE
2ND COPY - PAROLEE

**REPORT TO:** ☒ **BOARD OF PAROLE HEARINGS**

| CDC NUMBER | NAME (LAST, FIRST, MI) | | NAME BOOKED AS | REGION/UNIT |
|---|---|---|---|---|
| P07071 | ALEXANDER, ROBERT | | SAME | II-SLD |

| ARREST DATE | ARRESTING AGENCY | BPH REFERRALS: | | BOOKING NUMBER AND/OR LOCATION |
|---|---|---|---|---|
| 3-26-08 | DAPO | ☒ MANDATORY   ☐ NON-MANDATORY | | ALACOJ AYC552 |

| ARREST CODE * | * ARREST CODES | |
|---|---|---|
| A | A   DAPO STAFF ALONE    AB   DAPO ASSISTED BY LAW ENFORCEMENT AGENCY | B   LAW ENFORCEMENT AGENCY ALONE    D   LAW ENFORCEMENT AGENCY WITH INFORMATION FROM DAPO |

| HOLD DATE | DISCOVERY DATE | HOLD REMOVED DATE | AGENT OF RECORD | CONTROLLING DISCHARGE DATE | DISCHARGE REVIEW DATE | IMMINENT DISCHARGE |
|---|---|---|---|---|---|---|
| 3-26-08 | 3-26-08 | N/A | SNYDER | 2-25-09 | 1-10-09 | ☐ |

| CHARGES AND CODES | CHARGES AND CODES |
|---|---|
| C6: REFUSAL TO SIGN COND. OF PAROLE (996) | |
| 1. | 4. |
| 2. | 5. |
| 3. | 6. |

| REASON FOR RETAINING PAROLE HOLD: PAROLEE DANGER TO | DATE COPY GIVEN | NAME OF PERSON NOTICING PAROLEE |
|---|---|---|
| ☒ ABSCOND   ☒ SELF   ☐ PROPERTY – OTHERS   ☐ SAFETY -OTHERS | | |

**SUPPORTING EVIDENCE:**

CHARGE 1: On 3-21-08, Subject's conditions of parole were amended to include a no contact, without prior written approval from DAPO, with Sevon Atias. On 3-26-08, Subject reported to the parole office as instructed and refused to sign amended C.O.P. Subject was taken into custody.

PAROLE AGENT'S RECOMMENDATION:

Retain hold.

| | PAROLE AGENT'S SIGNATURE | DATE |
|---|---|---|
| | J. Snyder | 3-26-08 |

| UNIT SUPERVISOR'S ACTION | | | | |
|---|---|---|---|---|
| ☒ DECISION | ☒ REVIEW  ☒ RETAIN HOLD | ☐ RELEASE HOLD AS OF (DATE): | | ☐ CANCEL WARRANTS – WANTS |
| ☐ CONTINUE ON PAROLE | ☐ CONTINUE IN OUT-PATIENT STATUS | ☐ *DISCHARGE EFFECTIVE DATE: | | ☐ RETAIN ON PAROLE |
| ☐ REINSTATE ON PAROLE AS OF (DATE): | ☐ TIME LOSS  ☐ NO TIME LOSS | ☐ SUSPENDED/REINSTATE IN OPS AS OF (DATE): | ☐ REFER TO BPH | ☒ INVESTIGATE, SUBMIT APPROPRIATE REPORT BY (DATE): 4-4-08 |

| SPECIAL CONDITION(S): | | |
|---|---|---|
| | ☐ ADD | ☐ DELETE |

| UNIT SUPERVISOR'S COMMENTS/RECOMMENDATION |
|---|
| ☒ I HAVE LOOKED AT THE INFORMATION. I BELIEVE THERE IS PROBABLE CAUSE TO MAINTAIN THE PAROLE HOLD |

Retain Hold, Refer to BPH

| | UNIT SUPERVISOR'S SIGNATURE | DATE |
|---|---|---|
| | J. BENT | 3-2 |

| PAROLE ADMINISTRATOR'S COMMENTS/DECISION |
|---|
| |

| ☐ REFER TO BPH | ☐ *DISCHARGE EFFECTIVE DATE | FIELD ADMINISTRATOR'S SIGNATURE | DATE |
|---|---|---|---|
| | | | |

STATE OF CALIFORNIA --DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

## INMATE APPEALS BRANCH

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



May 27, 2008

ALEXANDER, ROBERT, P07071

RE: IAB# 0728559        RE-ENTRY/PAROLE

Mr. ALEXANDER:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal.  The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal.  The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses.  Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process.  The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

The CDC 602, Inmate/Parolee Appeal Form, must be completed through the Second Level of Review on behalf of the Warden or Parole Region Administrator.

N. GRANNIS, Chief
Inmate Appeals Branch

**\*\*\*\*PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE\*\*\*\***

STATE OF CALIFORNIA

*Emergency Appeal (602)*

DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.    Category

1. San Leandro II    1. _____    *appeal 602*

2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| Robert Alexander | P07071 | Santa Rita / San Leandro II Region II | 3.F.9 |

A. Describe Problem: On 3/28/08 unit Supervisor Agent Bent recieved pertinent court documents in addition to documentation previously submitted on 3/28/08. Via Fax transmission, from my wife and friend. The document was complete evidence from an attorney that is complete defense to the charges that are the basis of the Parole hold. He could've lifted the hold based on the fact that via telephone call with my wife he confirmed also that he recieved it. Yet refused to acknowledge his responsibility to rectify my Parole being ▬▬ on hold. He could have lifted the hold on 3/28/

If you need more space, attach one additional sheet.

B. Action Requested: I request an expedited probable cause hearing, (2) I request an answer to why Agent Bent is justified in his actions and supported by board of Prison terms as well as California Dept. of Correction s. I request to know the exact regulation, rule, or procedure giving authority.

Inmate/Parolee Signature: _____    Date Submitted: 4/3/08

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____

INMATE APPEALS BRANCH
RECEIVED
APR 11 2008

*NOT CDC ISSUE*

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

SLOII DAPO has returned this document with no response. Exhausting Administrative Remedies. If this continues I will proceed to Civil Action.

Signature: _____    Date Submitted: 7/23/08

Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

RECEIVED

JUL 29 2008
REGIONAL APPEALS

# Alameda County Public Defender



**Pleasanton Branch Office**
5672 Stoneridge Drive
Pleasanton, California 94588-8559
(925) 551-6863

Diane A. Bellas
Public Defender
Harold G. Friedman
Chief Assistant

February 11, 2008
File No. L07-02098
Docket No. 124327

Mr. Sevon Atias
4872 Bernal Avenue, #B
Pleasanton, CA  94566

Dear Mr. Atias:

Enclosed please find a copy of the Court Order you requested, which shows that it is for "non-harassment" and is NOT a stay-away order.

Best of luck to you and your family in the future.

Sincerely,

ALAMEDA COUNTY PUBLIC DEFENDER

Cole Powell
Attorney at Law

Encl.
CP:ead

---

*(The lower portion of the page, printed upside-down, is a fax transmission report:)*

Fax # (510) 545-0472

\*\*\*  SUCCESSFUL TX NOTICE  \*\*\*

| | | |
|---|---|---|
| STATUS | : | OK |
| PAGES SENT | : | 2 |
| END TIME | : | 03.28 10:14 |
| START TIME | : | 03.28 10:11 |
| DOCUMENT PAGES | : | 2 |
| TO | : | 8785O472  ←— San Leandro II unit supervisor's |
| DATE | : | 03.28 10:11 |
| FILE NO. | : | 442 |

| | | |
|---|---|---|
| NAME | : | Flexi Van Leasing. |
| FAX NO.1 | : | |
| TIME | : | 03-28-'08 10:14 |

MEMORY TRANSMISSION REPORT

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

STATE OF CALIFORNIA – DEPARTMENT OF CORRECTIONS AND REHABILITATION                    "ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**
1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



May 27, 2008

ALEXANDER, ROBERT, P07071

RE: IAB# 0726634     OTHER

Mr. ALEXANDER:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal. The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal. The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process. The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

The action you are appealing was not taken by the California Department of Corrections and Rehabilitation, and is therefore outside our jurisdiction. We are returning the material to you so that you may pursue the matter through the appropriate agency.

N. GRANNIS, Chief
Inmate Appeals Branch

P-C-822 L
Citizens Complaint

STATE OF CALIFORNIA                                                                      DEPARTMENT OF CORRECTIONS

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

| Location: Institution/Parole Region | Log No. | Category |
|---|---|---|
| 1. San Leandro Region II | 1. _____ | _____ |
| 2. _____ | 2. _____ | _____ |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME Alexander, Robert | NUMBER P07071 | ASSIGNMENT Santa Rita / Violater CDC Dublin Facility | UNIT/ROOM NUMBER 3-F-9 |
|---|---|---|---|

**A. Describe Problem:** San Leandro Region II DAPO, has acted on their own unoficial Authority by, Kidnapping me, and submitting me to false inprisonment. They are operating in a Unit office in Hayward, CA, where they Alter Parolee's Condition of Parole Documents, Force them to sign the illegal document or Immediately apprehend the Parolee and relocate them to imprisonment Status. DAPO will go as far as to Use means of Force, intimidation, and State resources to carry out their Illegal operations. Therefore acting as a renegade organized crime Unit, with a chain of command. I am a Victim of their operation. See atach * Summerized Statement of facts, and exhibit *

If you need more space, attach one additional sheet.

**B. Action Requested:** 1) I request that the CDC Administration contact the Region II District Headquarters, and demand an Investigation into this Matter. 2) I request that CDC.R. & B.P.T, Director of corrections insist that DAPO SLD II Submit all pertinent documentation in regard to mention dates. That DAPO SLD II be shut down. 4) that I be compensated for this attrocity.

Inmate/Parolee Signature: _____    Date Submitted: **3-28-08**

**C. INFORMAL LEVEL (Date Received: _____ )**

Staff Response: _____

_____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____

INMATE APPEALS BRANCH

RECEIVED
APR 21 2009

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

SLD II DAPO has returned this legal document with no Response I will pursue Civil Action Exhausting Administrative Remedies is this Continues

Signature: _____    Date Submitted: 7/23/08

CDC Appeal Number: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

* EMERGENCY
RESPONSE *
Requested

RECEIVED
JUL 2 9 2008
REGIONAL P.APPEALS

Following an incident that occurred on 3-24-08, where San Leandro Region II DAPO violated my Rights. Tues 3-25-08 I recieved a phone call around 12:00 pm. From Agent Jovic Snyder. Informing me, and Demanding I report to San Leandro Region II unit office in Hayward, CA. Within 24 hrs. Or I will be violated and a warrant will be put out for my arrest for not reporting / parolee at larg. I didn't under stand how that could be possible, Due to the fact that. I had reported on 3-24-08, Signed my conditions of parol, gave a urine analysis, filled out residential info etc. I was expecting a Home Visit. On 3/26/08 I reported to San Leandro region II unit office in Hayward, CA. as instructed, with my common law wife, Sevon Atias who is six month pregnant with my child. I was escorted through the secured door door by Agent Snyder at or around 12 noon ~meeting her 24 hr. deadline. Agent Snyder persisted in making another attempt to have me sign a fraudulent document, that she had instructed Agent Johnson to force me to sign but refused with legal documents refuting hers, on 3-24-08. again on 3-26-08. I had already dealt with this matter on 3-24-08 with unit Supervisor Agent Bent and Agent Johnson. I filed a appeal on 3-24-08. However on this day of 3-26-08 I'm met with this situation again. Snyder informs me of her options for me. They are to sign the fraudulent document or go to inprisonment. By Agent Snyder being present at my last C.D.C. Revocation Hearing she should know that BPT. has not made any Amendments to my Parole conditions. Deputy commisioner Debra Star, can verify that. In fact the documentation provided to unit Supervisor & Agent Bent that was place in my file could show that information. Agent Snyder acted as if I never reported on 3/24/08 nor was at a Revocation Hearing on 3-21-08 were all charges were dismissed. And Since I Know that DAPO does'nt have the Authority to Supercede C.D.C.R, B.P.T, or D.O.M, procedures, I was confused as to how DAPO can impliment a Amended non-Sanctioned, Fraudulent option. Agent Snyder proceeds by telling me that the unit Supervisor Agent Bent would like to speek with me about the matter again. I agreed to the request as having an interest in doing the same. However, she Agent Snyder states that I can 602 her new Amendment afterwards. But as of the moment must sign the document. At that moment I felt I needed legal representation. Due to the fact that I was there with my wife who is stated in the non-Sanctioned Fraudulent document as being the person I could not have any contact with by B.P.T. Amended on 3-21-08. So I informed Agent Snyder that I would like to see the Supervisor at that time. So that he may understand that if I sign that document I risk imediate Violation. And if I don't I am to be inprisoned anyway. I believe that is entrapment. Agent Snyder escorts me back to the lobby, where I was reunited with my wife, while she whent to fetch unit Supervior Agent Bent. While waiting with my wife I inform her of the problem. After briefing her begin to feel nausious, and ill. By her being six mon pregnant I was alarmed. lackily Unit Supervisor approaches the lobby counter glass window and acknowledges our presence, We inform him th my wife is apparently pregnant and feels like she may have to vomit. Th she needs to use the Restroom immediatly. He said he'll come around to the door and let us in. Once he came to the door Agent Bent tells my wife to walk down the street to use the bathroom. The S.Leandro region II unit office is in a ▮▮▮▮ Industrial area, the nearest restroom facility would be at least 1 mile away... Agent Be T Instruct s me to come with him. Once ▮▮▮▮▮▮ Black ▮▮▮ ▮▮▮ ▮▮

On 3/26/08 I reported to San Leandro region II unit office in Hayward, CA as instructed, with my common law wife, Seven Atias who is six month pregnant with my child. I was escorted through the secured door door by Agent Snyder at or around 12 noon meeting her 24 hr. deadline. Agent Snyder persisted in making another attempt to have me sign a fraudulent document, that she had instructed Agent Johnson to force me to sign but refused with legal documents relating her's, on 3-24-08. again on 3-26-08. I had already dealt with this matter on 3-24-08 with unit Supervisor Agent Bent and Agent Johnson. I filed a appeal on 3-24-08. However on this day of 3-26-08 I'm met with this situation again. Snyder informs me of her options for me. They are to sign the fraudulent document or go to imprisonment. By Agent Snyder being present at my last CDC Revocation Hearing she should know that BPT. has not made any Amendments to my Parole conditions. Deputy Commissioner Debra Star, can verify that. In fact the documentation provided to Unit Supervisor & Agent Bent that was place in my file could know that information. Agent Snyder acted as if I never reported on 3/24/08, nor was at a Revocation Hearing on 3-21-08 were all charges were dismissed. And since I know that DAPO doesn't have the Authority to Supercede CDC & BPT, or DOM, procedures. I was confused as to how DAPO can impliment a Amended non-Sanctioned, Fraudulent option. Agent Snyder proceeds by telling me that the Unit Supervisor Agent Bent would like to speek with me about the matter again. I agreed to the request as having an interest indoing the same. However, She Agent Snyder States that I can coz her crew Amendment afterwards. But as of the moment must sign the document. At that moment I felt I needed legal representation. Due to the fact that I was there with my wife who is stated in the non-Sanctioned Fraudulent document as being the person I could not have any contact with by BPT. Amended on 3-24-08. So I informed Agent Snyder that I would like to see the Supervisor at that time. So that he may understand that if I sign that document I risk imediate violation. And if I don't I am to be imprisoned anyway. I believe that is entrapment. Agent Snyder escorts me back to the lobby where I was reunited with my wife, while she whent to fetch Unit Supervisor Agent Bent. While waiting with my wife I inform her of the problem. After briefing her begins to feel nausious, and ill. By her being Six month Pregnant I was alarmed. luckily Unit Supervisor approaches the lobby counter glass window and acknowledges our presence. We inform him that my wife is apparently pregnant and feels like she may have to vomit. That She needs to use the Restroom immediatly. He said he'll come around to the door and let us in. Once he came to the door Agent Bent tells my wife to walk down the street to use the bathroom. The S.Leandro region II unit office is in a Industrial area, the nearest restroom facility would be at least 1 mile away... Agent Bent then instructs me to come with him. Once I walk through the door he and a bunch of large Black men, grab me slam me ageist the wall place hand cuffs on me. go through all my pock Pick me up and carry me out side and through me in the back of a waiting vehicle. Eventually they bring another captive person throw him in the car back Seat. Then Agent Bent Tells us if we complain he'll charge us with more than one charg. And the took us Away.

I Robert J. Alexander do hereby swear that the foregoing is true and correct to the best of my knowledge. I do understand that it is in fact a crime punishable by law to make a false accusation on a Peace Officer. I do acknowledge this responsibility. By Penalty of Purgary. On this Day Thursday March 27th of the year 2008. IN Dublin, CA. 94568

Robert J. Alexander

## Points AND Authoritei's

Due Process clause of the 14th Amendment of the U.S.
CONSTITUTION APPLIES TO PAROLE REVOCATION
Proceedings...
Sec. P.C. 39: GOU. Code of Ethics of Duty AND Responsibi
The Right to Petition the GOUERNMENT FOR REDRESS OF
GRIEVANCE.
Valdivia vs Schwarzeneggar (E.D. Cal. NO. CIU. S-94-0671 LKK/G
(206 F. Supp. 2d 1068)
A PRISONER IS NOT REQUIRED TO ACCEPT ANY condition
OF PAROLE IMPOSED....
~~§ 2962~~ People U. Anzalone (1999) 19 Cal 4th 1074, 81 Cal.
Rptr. 2d 315 969 P. 2d 160
People U. Barnam (2003) 29 Cal. 4th 1210, 131 Cal RPTr. 2d 499 64 P. 3d
788 ~~        ~~ Title 15 CRIME Prevention And Corrections
          Confidential Information § 2235. (No decision shall be
based upon information that is not available to the Prisoner
unless the information has been designated confidential
under the rules of the department and is necessary to the
decission.
§ 2249: Prisoner Presentation of Documents
    A prisoner shall have the right to present relevant documents to the
    hearing panel....
    They may cover any relevant matters, Such as mitigating
    circumstances, disputed facts or release planning.
§ 2245. ~~Prisoner~~
          General At all hearings, prisoners located in California shall
    have the rights enumerated in 2245 throug 2255. Prisoners ~~too~~ is
    responsible for bringing to the attention of the hearing panel any issues
    pertaining to his rights under this article or any failure to comply
    with these rules.
In re Martinez (1970) 1 cal. 3d 641, 650, 83 cal. RPtr. 382, 463 P. 2d
    734 cert. denied 400 U.S. 851 (1970)..... However, At the trial
    of the offense constituting the Parole Violation, evidence
    Seized in Violation of the Parolees constitutional rights
    will not be admissable

I Robert J. Alexander do hereby swear that
the foregoing is true and correct to the best
of my recolection of the facts. I do understand
that it is in fact a crime punishable by law
to make a false accusation on a Peace officer.

I do acknowledge this responsibility. ®
By Penalty of Pergary. on this Day ~~~~~~~ Frida
March 28th of the year 2008. I Dublin, CA.
94568

On March 21, 2008 I Robert J. Alexander was released from custody by the Board of Prison Terms, via Morossey hearing. Charges were dismissed by Deputy Commissioner Deberra Star. On Monday morning 3/24/08 I reported to the San Leandro Parole office in Hayward CA, for my initial review upon being released from custody the previous Friday. I signed the Sign in sheet and filled out the form that encludes your address, telephone #, Job info. etc, and was told that my parole agent Snyder wasn't in the office that I would be seen by the O.D. After waiting aproximately 15 min. agent Johnson asked me to come into the Secured door for my interview. He states "I remember you I was at one of your morossey hearings. Your the guy who talked his way out of a morossey hearing Friday, How did you do that?" my reply was that I didn't talk out of any thing, that facts were appared and I wasn't in the wrong". At this time we were in agent Snyder office at her desk. Another agent was present. I recognized him from attending my morossey hearing as a Parole Agent in training. He overheard our conversation and agreed to my statement. Due to him being present at my hearing o Fri 3/21/08, and why those changes was dismissed. Next agent Johnson opens a booklet that appears to be my cpc file to be give our interview and review. He the states that assert I am aware that I was given new conditions of parole upon my release. I responded by bringing to his attention the fact that Deputy commissioner Star did not impose any new sanctions upon my parole condit also I asked as to why agent Snyder lied to my wife on 3/21/08 after the hearing by telling her that I had to sign a new terms of condition in the presence of Deputy Commi Star, my attorney Mark Denning, and her in order to be released from custody.

Agent Johnson then took a firm stance and presented a form and a pen on the desk in front of me. He states "You have a new term and condition of parole. Sign and initial here and here. You are not to have any contact with your wife or babys mother or what ever she is girlfriend." I was Shocked at his arrogant nature, tone of voice, and blatant Sarcasam. I ask him why was this new condition been imposed. He stated that "Parole agents don't need a reason they can do what they want to do." I picked up the form and began to read it for myself before I sign as I do all papers before I sign them. It states in the verbage that due to an active restraining order against me that I was given th new sanction. Upon this realization of this pertinent info— I brought to mr. Johnsons attention the fact that I have in my car proof that the court has dismissed all restraining orders against me and that I can show him & I would like to see his Supervisor so that I can better understand my position at that time. Agent Johnson then told me that your refusing to sign and will be asked to put my hands behind my back." I informed him that after reading this form I would like to see your Supervisor due to the fact that I have refuti evidence that will show proof of inaccuracy in your document that your asking me to sign. I'm not refusing, I asking to see your Sup Agent Johnson then tells me to stay seated while he goes and gets h Supervisor. He returned to the door way momentarily with another man later Identified as agent Bent. And they tell me to stand up

Summary Statement of facts in support of reference 41 ⊥    TO DATE 3-24-08

and agent Snyder office at her desk. Another agent was present. I recognized him from attending my mooresey hearing as a parole Agent in training. He overheard our conversation and agreed to my statement. Due to him being present at my hearing o Fri 3/21/08, and why those charges was dismissed. Next agent Johnson opens a booklet that appears to be my dps file to be giv our interview and review. He the states that I am aware that I was given new conditions of parole upon my release. I responded by bringing to his attention the fact that Deputy commissioner Sta did not impose any new sanctions upon my parole condit also I asked as to why agent Snyder lied to my wif on 3/21/08 after the hearing by telling her that I had to Sign a new terms of condition in the presence of Deputy Comi. Star, my attorney Mark Denning, and her in order to be released from custody. Agent Johnson then took a firm stance and presented a form and a pen on the desk in front of me. He States "You have a now term and condition of parole Sign and initial here and here. You are not to have any contact with your wife or babys mother or what ever she is girlfriend." I was shocked at his arrogant nature, tone of voice, and blatant sarcasam. I ask him why was this new condition been imposed. He stated that "parole agents don't need a reason they can do what they want to do." I picked up the form and began to read it for my selfe before I sign as I do all papers befor I sign them. It states in the verbage that due to an active restraini order against me that I was given the stew Sanction. upon realization of this pertinent info I brought to mr. Johnsons attention the fact that I have in my car proof that the court has dismissed all restraining orders against me and that I can show him & I would like to see his Supervisor so that I can better understand my position at that time. Agent Johnson then told me that "your refusing to sign and will be asked to put my hands behind my back." I informed him that after reading this form I would like to see your Supervisor due to the fact that I have refuti evidence that will show proof of inaccuracy in your document that your asking me to sign I'm not refussing, I asking to see your sup Agent Johnson then tells me to stay seated while he goes and get th Supervisor. He returned to the door way momentarily with another man later Identified as agent Bent. And they tell me to stand up come to the hallway with face. where I'm met by approximatly g other parole agents who put me splam me on the wall toss't my arms end place me in hand cuffs. I begin to state my stance of the situath in there presence for the record, witch resulted in me be place back in the office still in restraints while agent Bent states "So you like to beat up w...

You seen to just keep getting away with it!" I denied these accasations
outright. I have Never been convicted of a domestic Violence charge!" I also add
the question of what rules t regulation states that an parolee is to be detained
immediately upon requesting to speak to a Supervisor." Agent Bent couldn't
answer that question, He responded by asking me to remain calm and help
uncuff me so that I can go get the documentation from my car and return
in to him for a copy to be put into my CDC. file. I did exactly that
and he reinstated my old terms and conditions. I did exactly that
then asked me to give him a urine analysys. I did as I was asked. Agent John Son
and left with no further incident. Agent Aguillar let my pregnant wife
come inside to use the restroom. She witnessed me give the document
to agent Bent & witnessed him state that he placed copies in my files
we left after asking Agent John Son for a 602 Form. wich he prov'd
from the inside of a secured glass window which a disgruntled
look on his face. I asked agent John Son who gave him instruction
to make me sign a document with the threat of not reading
and if I question it or ask to speak to his supervisor to
apprehend me an to me to jail He stated that his Supe
visor & agent Snyder instructed him too.

I filed a ditizens complaint P.C. 832.5 on this day in regard
to this particular eventful day 3-24-08.

[Submitted 3-24-08] This Exhibit is to serve
as a supporting Brief, Not taking precedence
over previously filed Appeal.

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



June 3, 2008


ALEXANDER, ROBERT, P07071


RE: IAB# 0729734          RE-ENTRY/PAROLE

Mr. ALEXANDER:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal. The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal. The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process. The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

The CDC 602, Inmate/Parolee Appeal Form, must be completed through the Second Level of Review on behalf of the Warden or Parole Region Administrator.


N. GRANNIS, Chief
Inmate Appeals Branch


****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

〈EMERGENCY APPEAL〉
〈P.C. 832.5 'Citizens Complaint'〉

2096 Eilene Dr.
Pleasanton CA 94587
STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

| | Location: Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| 1. | San Leandro Region II | 1. _____ | _____ |
| 2. | CDC Dublin Santa Rita | 2. _____ | _____ |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| ROBERT J. ALEXANDER II | P07071 | CDC Dublin / Santa Rita (State Contract) Violate Facility 3-F | 3-F |

**A. Describe Problem:** San Leandro Region II DAPO, has been in operation violating Constitutes Categorically it's Administrative circumvention, "which state how inmates through the many claims, there actions [illegible] we give no ear to, live to the promise made to at request, of Unfortunately we still have the persons to part to place a State animus concern ... for these professional take [illegible] precedence ever interest of Justice for this in not some to install solve, the grievous cost of maliciously functions / operating outside the governing Space's Scope of Authorization, Comes prices of Tyranny and petition for MANY, Here we all be the proclaimation Finds recently, Still its the remaining weight possible way killing the Scores of Justice.... Yet I still stand unanswered to every Appeal / Citizen's Complaint ever submitted to the San Leandro Region II DAPO Since my initial arrival's date of 12-27-05!!! Ignorance to the Law's, procedures, PB&S's and Guideline's, Gov Ethic's Code, their operations' + functions are in fact NOC EXCUSE! How, many have been falsely or UN-ETHICALLY IMPRISONED? DUE TO SO-CALLED Ignorance...

If you need more space, attach one additional sheet. I hereby firmly declare that this my grievance... [illegible handwritten text]

I ask for a formal response to every Appeal since 12-27-05 that I, Robert J. Alexander have req'd & to. [illegible] 7/26

**B. Action Requested:** Those who represent San Leandro DAPO Region II who function's respond's or serve openly / take Oaths; Therefore must be held Subjective to Sanction action to the greater good, Justifying the laws, P.B.S's, procedures, guidelines, & common expectations of Dept of operation protocol. That DUTY by which even a sworn civil servant and Parole / Probate Agent; They are fore sworn by a Governmental Ethical Oath to ultimately represent & uphold: By the Great Seal of the State of California: Supported by the U.S. Constitution

Inmate/Parolee Signature: _____    Date Submitted: 7/26/08

**C. INFORMAL LEVEL (Date Received: _____ )**

Staff Response: _____

_____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____

INMATE APPEALS BRANCH
MAY -1 2008
RECEIVED

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

SLDII DAPO has failed to respond I will forward to civil action Exhausting Administrative Remedies.

Signature: _____    Date Submitted: 7/25/08

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

RECEIVED
JUL 29 2008
REGIONAL II APPEALS

Inmates use this Substitute [grievance?] due to there not being an appeal procedural Page 36 of 64's considered or at this
CDC Dublin/STATE Case# CV08-3961-MMC    Document-16    Filed 08/27/2008    Page 36 of 64
For PAROLE Authority Sanctioned violaters... P... 4/24/08

## ALAMEDA COUNTY SHERIFF'S OFFICE
## SANTA RITA JAIL
## INMATE GRIEVANCE FORM

PLEASE LOG!

{PLEASE ASSIGN CDC LOG #}
For Review 4/26/08    CDC# P07071

A-YC-552
A50 444

NAME: Robert Alexander  CDC# P07071    PFN: _____

HOUSING UNIT: 3-F-9 / Housing Unit officer's GUFFY & Arnold  DATE: 4-24-08
Bldg 3 SGT & ALL assigned staff to Bldg 3

* Legal *  {EMERGENCY APPEAL {RESPONSE} Document should be reviewed by watch Commander

NATURE OF GRIEVANCE: (Give specific details )
{Also, we are provided of a _____ missing _____ sections _____ out prior _____
{Nor are we provided Book cart opportunity, Due to opposing Staff Instruction 57
Housing Clothes, Clean cell, _____
Health Issue _____

3- F-pod inmates seem to be targetted by Administration here at this State contracted Violator housing facility (1) F-Pod doesn't have a functioning water fountain, being water cold. So, one must assume that it's not in your best interest to exercise resulting in _____ [Dehydration] Nausea
_____ [buy] soups & sodas from the weekly canteen Since we do not address hot water (2) It is equally disturbing that Violators Holding Facility building 3 are not provided weekly, cell cleaning opportunities. Nor are we provided Sanitizing, cleaning solvents, utensils, etc. Hygeny/Health issues are always in Question when housing (50) Fifty plus inmates in a recycled air housing unit. (3) We are not afforded any yard recreational time. I have been housed here in [3-F-9]. For approximately 30 days without an opportunity for recreation/yard opportunity being provided or cell cleaning opportunity being provided. (4) Every time I ask a deputy for a 602 inmate appeals form. Since I'm a State Parolee not a County Jail inmate, which qualifies me the right to a 602 appeal procedures. I'm told there are none available! Once more than one account I was asked as to why I wanted to have a 602 inmate appeal/s form (5) who is the CDC INMATE APPEAL's coordinator? And why haven't CDC Violator inmates been provided a current title 15 booklet? Especially when you have CDC Violators finishing there whole violation form here at this CDC State contracted Violator Holding facility

(6) Why are we only provided Shower thongs and not the state funded shoes that are only being provided to "POD WORKERS" and not to all CDC Violators being housed here.

(7) Due to Bldg 3 'new' program time procedures; morning breakfast release time. Inmate mail is being delayed/outgoing since were released out for breakfast after the five Am Shift change when the mail bag is taken up to the front. Meaning our mail will sit in the building housing tower for an additional [My out going] day or two. Mail I took a week and two days to get from Dublin to Pleasanton. [Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.] _____

* No Adverse Movement Due to Staff Reprisal should be issued on Petitioner

* * * DO NOT WRITE ON THE BACK OF THIS FORM.    USE ANOTHER FORM, WRITE PAGE 2

* I request a log or tracking number
  upon submitting this Document    INMATE SIGNATURE: _____

### *** DO NOT WRITE BELOW THIS LINE - ADMIN USE ONLY ***

RECEIVED BY DEPUTY: K.Q Guffey    BADGE #: 1775    DATE: 042408

[ ] RESOLVED – INMATE ACCEPTANCE: _____    [X] CAN NOT BE RESOLVED AT THIS LEVEL
EXPLAIN RESOLUTION ON REVERSE SIDE.    DRAW TRACKING NUMBER FROM CP- 01

FORWARDED TO SGT. _____    { TRACKING NUMBER: 086-S0643 }

COPIES:  White - Staff use
Yellow - Inmate Receipt Copy    ML – 51 (rev 8/06)

STATE OF CALIFORNIA –DEPARTMENT OF CORRECTIONS AND REHABILITATION          ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



June 12, 2008



ALEXANDER, ROBERT, P07071

RECEIVED

RE: IAB# 0730789     OTHER                   JUL 03 PRND

Mr. ALEXANDER:                              SAN LEANDRO UNIT

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal. The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal. The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process. The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

The action you are appealing was not taken by the California Department of Corrections and Rehabilitation, and is therefore outside our jurisdiction. We are returning the material to you so that you may pursue the matter through the appropriate agency.

N. GRANNIS, Chief
Inmate Appeals Branch

SLD

---

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

STATE OF CALIFORNIA

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

DEPARTMENT OF CORRECTIONS

Location: Institution/Parole Region    Log No.    Category

1. _____    1. _____    Other-BPH
2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| Alexander, Robert | P07071 | Parol Hold date 2-16-08    Sant A-R. In | w-8-c-2 |

A. Describe Problem: on 3/6/08 I was denied my right to a fair & impartial hearing with In [10] ten working days. I was never provided with an updated packet that includes all updated charge and evidence being used against me. My Attorney Mr. Solomon never showed up to represent me. Hearing officer stated that my file wasn't present as well. There for, enabling my substitute attorney didn't have any info to evaluate my case either, yet they proceeded with the probable cause hearing. # I had evidence of direct proof that should've vendicated me of the charges. However they were disregarded. My right to a fair & impartial Hearing was in fact denied.

If you need more space, attach one additional sheet.

B. Action Requested: I request that my situation be investigated. I request that this complaint be filed. I request I be released from prison immediatly.

Inmate/Parolee Signature: _____    Date Submitted: 3/21/08

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

BPH

RECEIVED
APR -1 2008
INMATE APPEALS BRANCH
Se

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

No Response has been given or log #. I will proceed Exhausting Administrative Remedies.

Signature: _____    Date Submitted: 7/23/08

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

RECEIVED
JUL 29 2008
REGIONAL APPEALS

CDC Appeal Number: _____

STATE OF CALIFORNIA – DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

### *INMATE APPEALS BRANCH*

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



May 20, 2008


ALEXANDER, ROBERT, P07071
Parole Region II
1515 Clay Street, 10th Floor
Oakland, CA  94612


RE: IAB# 0727451          OTHER

Mr. ALEXANDER:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal.  The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal.  The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses.  Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process.  The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

The action you are seeking is under the jurisdiction of the Board of Parole Hearings.  You can submit these concerns via correspondence to the Board of Parole Hearings, Quality Control Unit, P.O. Box 4036, Sacramento, California, 95812-4036.



*(signature)*

N. GRANNIS, Chief
Inmate Appeals Branch




---

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

---

- PRIORITY -
P.C. 832.5
Citizens Complaint

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.    Category

1. _____    1. _____

2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| R. Alexander | P07071 | AYC552 / A.A. Security Sheriffs-as | 3 F-7 |

A. Describe Problem: CDC # Region II San Leandro DAPO and Parole Agent's Discretional Steal have superceded their Authority and the jurisdiction of the court by revoking Parole itself on me at this time. My Controlling case # P07071 is under BPH or DAPO jurisdiction. Persons under BPH or DAPO jurisdiction are Adult felons committed by Superior courts to the CDC Director under PC 1168 & 1170. Due to my controlling case # being on docket as of APRIL 24th, 2007, CDC doesn't have jurisdiction of Parole or Prison at this time.

If you need more space, attach one additional page.

B. Action Requested: I am requesting that the Director Jame's Tilton or Matthew Cate, notify the Dept. CDCR, BPH, and San Leandro Region II DAPO that the Committing court the Superior court has taken jurisdiction over my prisoner status under Penal code # 1168 and 1170, therefore I don't ...

Inmate/Parolee Signature: _____    Date Submitted: 6/6/08

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____



INMATE APPEALS BRANCH    RECEIVED JUN 11 2008    NOT CDC

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Exhausting Administrative remedies
DAPO has failed to give a response.
I will proceed to Civil Action.

Signature: _____    Date Submitted: 7/23/08

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC1E, Inmate Claim    CDC Appeal Number: _____

RECEIVED JUL 29 2008 REGIONAL APPEALS

0734708

P07071

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by _____

_____

_____

_____

_____

_____

_____

**RECEIVED JUN 11 2008 INMATE APPEALS BRANCH**

Staff Signature: _____ Title: _____ Date Completed: _____

Division Head Approved: ☐ Yes ☐ No                              Returned

Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____

☐ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

☐ See Attached Letter

Date: _____

CDC 602 (12/87)

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION        ARNOLD SCHWARZENEGGER, GOVERNOR

## INMATE APPEALS BRANCH

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



July 8, 2008

ALEXANDER, ROBERT, P07071

RE: IAB# 0734708        OTHER

Mr. ALEXANDER:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal. The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal. The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process. The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

The action you are appealing was not taken by the California Department of Corrections and Rehabilitation, and is therefore outside our jurisdiction. We are returning the material to you so that you may pursue the matter through the appropriate agency.

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
REGION II APPEALS OFFICE

**INMATE//PAROLEE APPEALS SCREENING**
**CDC 695 (Rev. 10/02)**

| | | |
|---|---|---|
| NAME *Alexander, Robert* | CDC# *P87071* | **Date:** *08-01-08* |
| | | LOG NUMBER |
| INSTITUTION *SPI/TH* | | UNIT |

Your appeal is being returned to you for the following reason(s):

☐ The action or decision you are appealing is not within the jurisdiction of DAPO. ☐ This is a BPH issue. CCR 3084.3©(1)

☐ You have already submitted an appeal on this same issue.  Region II Log#:_____,  **CCR 3081.3©(2)**

☐ You cannot appeal an action or policy not yet taken.  CCR 3084.3©(3)

☒ You have not attempted to resolve your grievance at the Informal Level with: *UNIT Supervisor* _____ , CCR 3084.3©(4)

☐ You have not adequately completed your appeal and/or attached the proper documents.  CCR 3084.3©(5)
Please attach the following document(s) _____

☐ You failed to file your appeal within 15 days of the event or decision.  CCR 3084.3©(6)

☐ This issue has been addressed already: See attached correspondence.  CCR 3084.2(g)

☐ You are abusing the appeal process by: ☐ Excessive filing.  ☐ Excessive verbiage.  ☐ Lack of cooperation.
☐ Inappropriate statements:_____.  ☐ Voluminous unrelated documentation.  **CCR 3084.3©(8)**

☐ You are not authorized to appeal on behalf of another inmate.  CCR 3084.3©(7)

☐ This appeal was resolved at a lower level.  If you disagreed with the decision, you had 15 working days from when you received your appeal to file at a higher level.  CCR 3084.6.

☐ Inappropriate use of the appeal process.  ☐ Submit your request on CDC1233 Transfer Investigation Request, and send it to your Parole Agent for processing.  ☐ This is not a request form.

☐ A limit of one continuation page (front and back) may be attached to the appeal to describe the problem and action requested in sections A and B of the form.  CCR 3084.2(a)(1).

☐ You have failed to demonstrate an adverse effect on your welfare.  CCR 3084.1(a)

☒ Remark(s): *Appellant need to resolve grievance with Unit Supervisor. Unit Supervisor was at the Revocation Hearing 4/29/08*

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE!**  ____ **Screen Out**

☐ Please correct the indicated problems and return your appeal.

Note: Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d).  The screening decision may not be appealed.  If you feel that the above reason(s) is inaccurate, please return this form with your appeal and an explanation as to why you feel this screening action is incorrect.  Your argument will be reviewed and the appeal will be reevaluated.  You have only 15 days to comply with the above directives.

*Pacheco, PAII (4)*
**T. Pacheco, PAII**
**APPEALS COORDINATOR**
**REGION II**

*Citizens complaint by passe informal level Inmate Appeals Branch endorsed. April 30 2008*

CONFIDENTIAL !
LEGAL DOCUMENT

P.C. 832.5
"CITIZENS COMPLAINT"

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

| Location: Institution/Parole Region | Log No. | Category |
|---|---|---|
| 1. San Leandro Region II | 1. | |
| 2. Santa Rita CDC Dublin / Custody rated 1 | 2. | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Mr. ROBERT J. ALEXANDER | PO7071 | Dublin/CDC Santa Rita Housing Facility | 3-F-9 |

**A. Describe Problem:** DAPO: SAN LEANDRO REGION II, PAROLE AUTHORITY, CALIF. ATTORNEY'S MARK DENNING, PAROLE Case hearing officer, Pleasanton Police DEPARTMENT, GOVERNORS OFFICE, Director of Region administration Have all in conjunction worked in unison to violate Ethics procedural codes i.e. P.C. 14 gov. code of ethics Jot Duty and responsibility PC 3391 Misconduct by Employee in an attempt Falsity, Forge, Fraudulent documents to cover up misconduct, that was reviewed, signed, initialed by all parties, violating Federal telecommunication laws, Faking Fraudulent document to the intent and use of un-ethical gov-agencies practices. For the Sole purpose of false imprisonment in the organized business of Federal Embezzlement, Entrapment Etc.! But to seek Federal help.

If you need more space, attach one additional sheet. ✱ See Mitigating Factors in Support of unlawful Manner e.S described in DAPO's submitted Report Dated 4-4-05, Reviewed and Signed ✱

**B. Action Requested:** I am requesting that a Formal & thorough investigation into all partys actions by an outside Agency into how long CDC Parole Anthony has been committing Such atrocious acts against the Justice of a Free civilized Society. I request a written acknowledgement & Apology to my family. And help with living arrangement for my Family.

Inmate/Parolee Signature: _[signature]_    Date Submitted: 4-28-08

**C. INFORMAL LEVEL** (Date Received: _____)

Staff Response: _[illegible]_

Staff Signature: _____    Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Someone needs to process my appeal & respond or I will go forward and bring civil Action against the appeals coordinator for abstruction of Justice, Violation of Gov. Ethics Code, etc. Log# & Response needed.

Signature: _[signature]_    Date Submitted: 7/25/08

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

RECEIVED
JUL 2 9 2008
REGIONAL II APPEALS

# MITIGATING FACTORS In Support of Unlawful Manuevers

The whole Correctional System is in Ethical violation, From the Governnors office, Attorney General, Director of Prisons, CCPOA, PAROLE Authority, CAL PAP Attorneys, working together with local law enforcement; is a outcry of Injustice.... ...
Therefore leaving no option But to Seek Federal Releife & Intervention. None of my P.C. 832.5 "Citizen complaint's" have been answ...

**nitial Charge report {CDC 1502-B}** Submitted by DAPO on 4-4-08, Verify's arrest date by DAPO on 3-26-08 for not Signing a non-Sancti...
...ndment, without prior written approval from CDCR or and BPT on my last Revocation realease date & Hearing with Deputy Commissioner Debra Star on 3-21-08 the fact...
...c. Not the altered Last Rev Date by DAPO on.) This Document also verify's the unit Supervisor Agent Bent granted Parole Agent Jovic Snyder's unlawful reccomendation...
...iolate my Due Process of Rights. His decision to Retain Hold, even after recieving additional factual court documentation providing him opportunity to correct DAPO previous...
...awful violation of preemptive procedures. Executed with his Directions & approval. Overseeing every measure step by step. He did not correct Jovic Snyder's actions, of fraudulent...
...avior, Superceeding & preempting CDCR & BPT, DOM procedural guidlines and authority. He clearly initialed and then initialed the boxes on this document. {Review}, {decision}, ...
...have looked at information, I believe there is probable cause to maintain the parole Hold." "Retain Hold, Refer to BPH." Signed and Dated 3-1? and Submitted report on 4-4-08.
...ondly this document verify's the fact that Unit Supervisor Agent Bent, Agent Jovic Snyder, Agent Johnson, and DAPO Inc., failed to report my initial interview date of 3-24-08. The very day
...t I was given one of two options upon being released from custody on 3-21-08 from BPH. charges Dismissed, Jovic Snyder was present at the Hearing. These unlawful option were
...mmented in further detail, in previously filed "Citizen complaint" P.C. 832.5 Submitted to CDC. Chief Inmate Appeal Office on 3-24-08. Additionally they failed to mention their attempt
...be preemptive by circumventing Protocal & Procedures set forth by DOM; Entailing how they fraudulantly altered a legal state document, with mallicious intent to force illegal
...peration by force, intimidation, and fear prompting tactics. A total disregard to Due Process of Federal Law, State guidlines, Statutes, Procedures, violating Employee Ethics
...de... On 3-24-my Parole conditions were reinstated by DAPO. On this day prior, I without legal representation, under duress I provided legal documentation refuting DAPO's unlawfu...
...cree. This Document further verify's DAPO's inc. falsified State legal documentation & report to cover up there unlawful actions on 3-24-08 via {CDC 1650 B} report not me...
...is last violation Date 2-16-08, Last Revocation Hearing Date 3-21-08, Parole condition reinstatement 3-24-08 upon release no BPT actions or Amendment Sanctioned.

**...OCUMENT, PAROLEE/RELEASE REPORT OR INITIAL INTERVIEW FORM {1650-B} Dated 3-24-08** Signed by DAPO inc. Agent C. Johnson.
...OTICE Both Documents dont mention any reports or charges From DAPO For Burglary 1ST or Battery on spous/child from alleged date of 12-11-07.
...-11-07, being the Same Day of my fith Parole violation for absconding supervision and violating Special condition, via document {CDC 1244} Parole violation Dis...

**...DC PAROLE VIOLATION DISPOSITIONS INCLUDING BPT & NAEA ACTIONS {CDC 1244}**
...is Document Submitted by DAPO report DATE 4-4-08. Also has Fraudulent information, relied upon by DAPOS unlawful fradulent false Report.
...ATE NOTE: this document reports only (5) Five violations in number, last one being 12-11-07; When in actuality it is (6) six violations in total. The Sixth being
...-16-08 & last Revocation release DATE of 3-21-08. Further proving that all reported violations, never once had CDCR & BPT Sanction pre-approved recommendations for
...pecial conditions, reportedly violated for by DAPO. Dating back to even 6-4-07. Narcotics testing was never a BPT Special condition of PAROLE. Yet DAPO Pressure Manipulated the
...ystem and Parolee into fals. unlawful violations since 6-4-07. Manipulating BPH to impose such a condition, that was never supported by BPH. I always have denied ever
...Submitting a positive Drug test, DAPO called my Supervisor at American Automotive Association, to inform them that I as a parolee should not be working for
...the Company as a Emergency Roadside assistant. That I was a danger to the community and my self. Resulting in my being terminated or my resignation to
...Avoid negative referrals from this Employer!

**...UMMARRY OF PAROLE Adjustment {CDC 1521-B}** Submitted by DAPO inc. in report Dated 4-4-08. written by DAPO Agent Jovic Snyder.
...ke note of Special conditions of Parole Section; No mention of Such special conditions, up to date of 1-10-08, This reports fraudulent last REV REL...
...TE!!! (2) Also give notice the report's Section; "Living with girlfriend" Sevon Atias {RESIDENTIAL PATTERN}, being "STABLE". Contradicting DAPO
...ort on this same document alleging of relationship being "Volatile" up to date of 1-10-08.
...ALUATION Section of DAPOS Report on this same document; States: Cover the period from date of last release to current report, etc.
...wever, DAPO once again failed to comply with CDC procedures; being once again unethical. Remember we took note that my last release
...is in fact 3-28-08, the same day of the so-called mysterious AMENDMENT by DAPO. Not this reported 1-10-08 release date.
...ording to DAPOS Fraudulent report, Agent Jovic Snyder tries to blame my wife & accuse Sevon Atias of Harrasment to DAPO. Unit Supervisor, when
...fact my wife had only showed almost concern even faxing court documentation to DAPO Unit Supervisor, DAPO's attempt to discredit my
...onths pregnant wife who has no family in the United States. Her only living sisters who live in Isreal.
...wever DAPO goes further to implement the fact that DAPO has been in communication with The Governors office, ATTORNEY GENERALS
...fice, DISTRICT ADMINISTRATOR, Region II Unit DAPOS Supervisor's chain of command have all been made aware of this unlawful and
...audulent DAPO actions...
...port further Suggest that DAPO only became aware of the "NON-Harrasment order, and other two documents that were faxed to DAPO
...y my wife, on 3-28-08 From Flexivan leasing. But DAPO only report recieving one (1) document. The One Document that DAPO is now
...aking another attempt to manipulate into me having a restraining order on my wife. Only providing my point more. Keep in mind now
...at DAPO Initially reported that they wanted me to sign a Fraudulent document with verbage that details reasons for
...e AMENDMENT being active restraining order against my wife. That AMENDMENT was Dated 3-21-08, Not 3-28-08. ???

**...otice AND CONDITIONS of PAROLE {CDC 1515}** Dated 3-21-08, Signed by Agent Johnson on 3-24-08; Submitted by DAPO in report Dated 4-4-08
...ong with a letter from ALAMEDA COUNTY PUBLIC DEFENDERS OFFICE, Dated 2-11-08 File # L07-02098.

**...MMARRY OF PAROLE Adjustment {CDC 1521-B}** Submitted by DAPO inc. in report Dated 4-4-08.
...DO Reporting Agent Snyder's Fraudulent & unlawful report further states and proves, yes proves! that Dapo's so-called Amended Special conditions Notice {CDC 1515} (↑) *
...is a true fraudulent AMENDMENT; Not that "AOR is requesting that the BPT Hearing make it a BPT imposed Special condition of no contact."
...s verbage at the bottom of this Documents page {CDC 1521 B} by DAPO inc. in report Dated 4-4-08, reviewed by DAPO unit Supervisor Agent BENT.
...RIGHT ADMISSION OF GUILT!!!! * Power to Revoke Parole §104.21 Revocation, Per. DOM; violation. Need I Say more?
regards to alleged Charges 2,3

**...ARGE SHEET/REVOCATION TRACKING {CDC 1676}** Dated 4-4-08 Submitted by DAPO in Fraudulent Report.
...o Makes an outlandish attempt with the help of Pleasanton P.D. once again Pleasanton P.D. being in conspiratory conjunction with DAPO, LAST time bein 3-21-08
...e Revocation hearing tape for in to into previous conspiratory report Between DAPO and Pleasanton P.D. on Record. *
... RPT # 2007-000-48456 Dating back to 12-11-07 alleging an incident, that I was never arrested or charged for. No witness Statement. Just a PPD
...rrative report.... However DAPO claim now that they just didn't know about it until now. Well thats very strange that an incident of so-called
...they wouldn't be reported by P.P.D. when according to Narrative report officer States that I was "AT Large" for Parole violation,
...ep in mind that 12-11-07 I was violated at my residence by DAPO and pickup by PPD. On this same Date, 12-11-07 See report.
...ver was charged for new allegation of Battery on a Spouse. In fact this is the same violation that DAPO Put out a APB Warrent
... alert Parolee at Large Armed and Dangerous...
...ing now that DAPO Fraudulently uses Telecommunications to fax fraudulent documents for DAPOS false report. See PPD Fax transmissi...
...cept on Report Submitted by DAPO 4-4-08, Forwarded to Probable Cause Hearing. Along with another charge from PPD # 2008-00006509/2-16
...ther Narrative report, No witness signed statements, no charges from DAPO for this prior to Last violation on 2-16-08, Never arreste...
... said allegations. Now DAPO alleges that they didn't know of this report as well. How can it happen that two police reports are
...ract missing witness statements & DAPO Submitted only Narrative in report Dated 4-4-08 Submitted to Probable Cause Hearing. I was violated
...ain by DAPO on 2-16-08, Never was this charge mentioned. Burglary. On 2-16-08 PPD. Falsyfied Documentation for DAPO and purjured themselves
...front of Deputy Commissioner Debra Star on 3-21-08. Further Showing DAPO actions, unreasonable, violating privacy, Entrapping,
...audulent, mallicious, concious, organized, Deadly, and out Right unlawfull. All This in an attempt to justify to probable
...us hearing officer a recommendation that I be given the MAXIMUM amount of time, possible.....
...Revocation Hearing officer; A.Kane's, & CAL PAP Attorney review of these facts; The blatant non-supported Act & unlawful charges, I should
...ve been assisted by the Valdivia v. Schwarzzenegar. There was proof providing documentation, letters, Clearly made available by DAPO Showing blatant Ethics violati...
...ldn't the CAL PAP Attorney had made an argument? There was evidencence all provide By DAPO submitted 4-4-08, that was ...
...n by DAPO unit Supervisor, Probable cause hearing officer, Preemptive as it may be still CAL PAP Att...
...Process Right being further violated, My right to all evidence being used agai...
...egarding my evidence in complete defense to the al...
...ges 72 hrs. af...

...in the ...same ...police ...investigation ... where ...report ...serves to force illegal
this document further verifys DAPO inc. falsifies State legal documentation + report to Cover of their unlawful actions on 3-24-08 an false issue of report relating DAPO unlawful
violation. Date 3-16-08, false revocation Hearing Date 3-21-08, Parole Condition (Cut + created) Falsify + figure reliance on BPT actions + or Amendment Conditions.
**MERT, PAROLEE/RELEASE REPORT INITIAL INTERVIEW FORM (1650-B) Dated 3-24-08 Signed by DAPO inc Agent C. Johnson.**
Both Documents don't mention any violation charges from DAPO for Burglary 1st or Battery on Spouse/child from alleged date of 12-11-07.
being the Same Day of my Sixth Parole Violation for absconding Supervision and violating Special condition.

**PAROLE VIOLATION DISPOSITIONS INCLUDING BPT & NSEA ACTIONS (CDC 1244)**
cument Submitted by DAPO report DATE 4-4-08. Also has Fraudulent Information relied upon by DAPO's unlawful Fraudulent false Report.

re: this document reports only 5 Five Violations in number, the Same being 12-11-07, when in actuality it is 6 Six Violations in total. The Sixth being
addition, reportedly violated for by DAPO, Dating out to cover 4-4-08. Marcelies noting was never a BPT Special Condition of PAROLE, Yet DAPO Pressure Manipulated then
the Parole from this unlawful violation. Since errors, manipulating BPH to impose Such a condition, there was never Supervised by BPH. I always have desired over...
tring a positive Drug test. DAPO called my Supervisor at American Automotive Association, to inform them that I was a Parolee. Should not be working for
empany as a Emergency Roadside assistant, That I was a danger to the community and my Self, Resulting in my being terminated or my resignation to
a negative record from this Employer!

**JARRY OF PAROLE Adjustment (CDC 1521-B)** Submitted by DAPO inc... in report dated 4-4-08. Written by DAPO Agent Jovic Snyder.
ote of Special conditions of parole Section: No mention of Such special conditions, up to date of 1-10-08, This report's Fraudulent Instead never relea
Also give notice the report's Section, "Living with girlfriend" Seven Alias (RESIDENTIAL PATTERN) being STABLE. Contradicting DAPO
a this Same document alleging of relationship being Volatile up to date of 1-10-08.
**TON** Section of DAPO Report on this Same document... States: Cover the period from date of last release to current report, etc.
DAPO once again failed to comply with CDC procedures, being once again unethical. Remember we took note that my my last release
tact 3-24-08, the Same Day of the So-called my 5th's AMENDMENT by DAPO. No this is reported 1-10-08 release date.
to DAPO's Fraudulent report, Agent Jovic Snyder tries to blame my wife & accuse Seven Alias at the client to DAPO Unit Supervisor, when
my wife had only showed almost concern over Parking, over documentation to DAPO Unit Supervisor, DAPO's attempt to discredit my
Parguent wife who has no family in my incarcerated States, are only trying to attend who live is Israel.
DAPO goes Further to implement the fact that DAPO has been in communication with The Governors office, ATTORNEY GENERAL'S
**DISTRICT ADMINISTRATOR, Region II unit DAPO's Supervisor's** chain of command have all been made aware of this unlawful and
further Suggest that DAPO only became aware of the "NON-Harrassment order, and other two documents" that was Faxed to DAPO
wife, on 3-29-08 From Flexisat leasing... But DAPO only report receiving one 1 document. The one document that DAPO is now
g another attempt to manipulate into me having a restraining order on my wife. Only providing my point more, keep in mind now
DAPO Initially reported that they wanted me to Sign a Fraudulent document with verbage that details says for
MENDMENT being active restraining order against my wife, That AMENDMENT 6 Dated 3-21-08, Not 3-28-08 ???
e AND CONDITIONS OF PAROLE (CDC 1515) Dated 3-21-08, Signed by Agent Johnson on 3-24-08, Submitted by DAPO in report DATEO 4-4-08
from ALAMEDA COUNTY PUBLIC DEFENDERS OFFICE, Dated 2-11-08 File # 607-02098.

**JARRY OF PAROLE Adjustment (CDC 1521-B)** Submitted by DAPO inc. in report dated 4-4-08
noting Agent Snyder's Fraudulent + unlawful report further states and proves, yes proves! that Dapo's So-called Amended Special conditions Notice (CDC 1515) re
true Fraudulent AMENDMENT! Not that "AOR is requesting that the BPT Hearing make its the BPT imposed Special condition of no contact
charge at the bottom of this document's page. (CDC 1521-B) by DAPO inc in report Dated 4-4-08, reviewed by DAPO Unit Supervisor Agent BENT.
**GHT ADMISSION OF GUILT!!! 6** Power to Revoke Parole $10,000 21 Revocation, per DOM, violation. Need I Say more?
added to alleged Charges 2,3

**E SHEET/REVOCATION TRACKING (CDC 1676)** Dated 4-4-08 Submitted by DAPO in Fraudulent Report.
sts an authentic attempt with the help of Alameda P.D. on cases in Alameda from P.D. being in conspiratory conjunction with DAPO, LAST time being 3-21-08
violation having Report for to to into provides 5 co-Cor Split lay Report between DAPO and Alameda P.D. or Area. cd *
**# 2008-000-48936** Dating back to 12-11-07 alleging an incident, that I was never arrested or charged for. No witness Statement. Just a PPP.
ive report... However DAPO claim now that they just didn't know about it until now well that's very Strange that an incident of Sealified
wouldn't be reported by PPD. When according to Narrative report + officer states that I was "At Large" for Parole violation.
mind that 12-11-07 I was violated at my residence by DAPO and pickup by PPD. On this Same Date, 12-11-07 See report.
was charged for New allegation of Battery on a Spouse. In Fact this is the Same violation that DAPO put out a APB Warrant
+ parolee at large. A medand Dangerous...
Now that DAPO Fraudulently uses Telecommunications to fax fraudulent documents for DAPO's false report, See PPD Fax transmission
+ on Report Submitted by DAPO 4-4-08, Forward to Probable Cause Hearings Along with another charge from PPD's **# 2008-000-6509/26**
r Narrative report, No witness Signed statements, no charges from DAPO for this prior to Last violation on 2-16-08, Never arrested
id allegation. Now DAPO Alleges that they aided 5 issue of this report as well. Now could it happen that two police reports go
missing witness Statements? DAPO Submits any Narrative in report dated 4-4-08 Submitted to Provable cause Meeting. I was violated
by DAPO on 2-16-08, Never was this charge mentioned. Burglary an 1st over PPD, Falsifies Documentation for DAPO and pursued themselves
n + of Deputy Commissioner Devers Star on 3-21-08, Further Showing DAPO actions, unreasonable, violating privacy, Entrapping
talent, malicious, curious, organized, Deadly, laid out Right in low ball. All this is in an attempt to Justify to probable
hearing officer a recommendation that I be given the MAXIMUM amount of time possible...
cation Hearing officer, A, lrane's, I cal PAP Attorney review of these facts by DAPO! The blatant non-Supported act + interrial charges, I should
been assisted by the Valdivia v. Schwarzenegger. There was just pending documentation letters, clearly made available by DAPO showing Blatant Ethics violation...
+ the CAL PAP Attorney had made an argument. There was evidence not provide by DAPO Submitted 4-4-08, that was I reviewed and decided
y DAPO unit Supervisor, Probable cause hearing officer, Preemptive act + it may be skill CAL PAP Attorney was of no usage to my
ss Right being further violated. My sixth authentic evidence beingused against me an witness based of containing unlawful Parole Hold
riding my evidence in complete defense to the charges that are basis of containing unlawful Parole Hold 7 Charges exceeding evaluation date?
t Zlws, at False imprisonment.
**OF PAROLE REVOCATION RIGHS AND ACKNOWledgeMENT BPT 1007** NEVER offered provided or Signed at **hearing!!!**
38 Attorney Mark Dennings came to visit me by non-contact at SAN TA RITA;
make an attempt to tell me to Sign this document two-tors days later, a play as if it were Signed at the Probable cause hearing.
elieve it's possible to Sign a document from behind a glass visit, secondly I don't believe it's even ethical to suggest such measures.
goes to Suggest that he'll just Say I refused. What would the BAR Association Say about his Ethics??

I, Robert Alexander, Doe under Stand that to falsly accuse staff misconduct is against the law. I declare under penalty of perjury under the laws of the State of California that the forgoing is true, to the best of my knowledge pertaining to the facts and documents mentioned in this legal action, except as to matters that are stated on my information and belief, and as to those matters, I beleive them to be true. [signature] on this Day Friday the 18th Day of the Month April the leap year of 2008.

In Dublin, California.

PETERSON v. LAMPERT {9th Cir. 2002} 277 F.3d 1073

In re Robert {2004} 36 Cal.4th 575 { 1 Cal.Rptr.3d 458}

CALIFORNIA RULES OF COURT {CRC} rule 4.551 (c)(1)

Williams v. Taylor {2000} 529 U.S. 362 [1205. Ct.146 L.Ed.2d 389] 28 U.S.C. § 2254; Bake

City of Blaine {9th Cir. 2000} 205 F.3d 1135; Moore v. Calderon {9th Cir. 1997} 108 F.3d

Wolff v. McDonnell {1974} 418 U.S. 539, Penal Code Section 2932 Subdivision

And Title 15, Cal. Admin. CODE SECTION 3315

Ponte v. Real {1985} 105 S.Ct. 2192, 2201. {Id. at p.2193} {Ponte v. Real, Supra, at p.2197

P.C. 3391 Misconduct Title 15 Sction 2050-2100

Title 15 CRIME Prevention AND CORRECTIONS {Confidential Information} § 2235.

Title 15 CRIME Prevention AND Corrections {Prisoner Presentation of Documents} § 2249.

In re Martinez {1970} 1 Cal.3d 641, 650, 83 Cal.Rptr.382, 463 P.2d 734, cert. denied 4/00,

851 {1970}

Due PROCESS CLAUS OF THE 14th AMENDMENT OF THE U.S. CONSTITUTI
APPIES TO PAROLE REVOCATION HEARINGS; PROCEEDINGS...

Sec. P.C. 59: GOV. code of Ethics of Duty and Responsibility.

The RIGHT TO PETITION THE GOVERNMENT FOR REDRESS OF GRIEVANC

Valdivia v. Schwarzenegger {E.D. Cal. No. civ. S-94-0671 LKK/GGH} {206 F. Supp.2d 10.

Penal Code § 2962    People v. Anzalone {1999} 19 Cal 4th 1074, 81 Cal.Rptr. 2d. 315 969 P.2d

People v. Barnum {2003} 29 Cal.4th 1210, 131 Cal Rptr.2d 499, 67 P.3d 788

Penal code 304.7, 304.5, 3063

In re Silverstien {1992} 52 Cal.App.2d 725, 726-727, 125 P.2d 762;

In re Naito {1986} 186 Cal.App.3d 1656, 1661-1662, 231 Cal.Rptr. 506 {15 Cal. Code Reg. § 2615

In re Melendez {1974} 37 Cal.App.3d 967, 974-975, 112 Cal.Rptr. 755

In re Tobin {1933} 130 Cal.App. 371, 372-374, 376, 20 P.2d 91

In re Melendez {1974} 37 Cal.App.3d 967, 972-973, 112 Cal.App. 755

Penal Code § 3060.5 § 295 et seq {DNA and Forensic Identification Data Base and Data Bank ACT of

§ 295 et seq}

People v. King {2000} 82 Cal.App.4th 1363, 99 Cal.Rptr. 2d 220 {Former penal code § 290.2 Crow Penal c

Terhune v. Superior Court {1998} 65 Cal.App.4th 864, 76 Cal.Rptr. 2d 841

Morrissey v. Brewer {1972} 408 U.S. 971, 783-789, 92 S.Ct.2593, 33 L.Ed.2d 489; see

§ 104.23[2], 137.

In re McLain {1960} 55 Cal.2d 78, 85,9 Cal.Rptr. 824, 357 P.2d 1080, cert. denied, 368 U.S. 10 {1961

§§ 1210, 1210.1, 3063.1; Health § Safety Code §§ 11 999.4-11999.132 Proposition 36, "Substance Abuse

and crime prevention Act of 2000" effective July 1, 2001}.

Penal Code § 1210(a) § 3063.1(a), Proposition 36, see Chapter 51, "Deffered Entry of Judgment,

Diversion, and Dismissal in Interest of ~~judgment~~ Justice."

Employee misconduct Section 9 penal code, 3391. And Under the POLICY OF EPA...
of owned or...

STATE OF CALIFORNIA, DEPARTMENT OF CORRECTIONS AND REHABILITATION

**PAROLE REVOCATION HEARING NOTICE AND WITNESS DETERMINATION**
CDCR 1654 (Rev. 08/05)

PAGE _____ of _____ PAGES

## SECTION I - PAROLEE INFORMATION

| CDCR NUMBER | NAME (LAST, FIRST, MI) | | |
|---|---|---|---|
| AGENT OF RECORD | PAROLE UNIT | TYPE OF HEARING: ☐ REVOCATION EXTENSION ☒ REVOCATION ☐ PSYCHIATRIC TREATMENT | VIOLATION, REPORT DATED: 4/2/08 |

☒ CUSTODY LOCATION
☐ NOT IN CUSTODY: (ADDRESS)       AYC 552    3F9

HEARING SCHEDULED FOR: (DATE) 4/29/08 (TIME) 1:30   (HEARING LOCATION)   SRUTA

## SECTION II - WITNESSES BEING CALLED

| WITNESSES BEING CALLED | BADGE NUMBER | NOTIFIED | | WIT. DESIG.** | |
|---|---|---|---|---|---|
| | | *METH | DATE | STATUS | REQ. |
| 1. | | | | A | |
| 2. | | | | A | |
| 3. | | | 4/1 | A | S |
| 4. | | | | A | S |
| 5. | | | | V | |
| 6. | | | | V | |
| **FEARFUL WITNESSES** | REASON: | | | | |
| 7. | | | | | |
| 8. | | | | | |

*NOTIFICATION METHOD
M - MEMO        PC - PERSONAL CONTACT
L - LETTER      SP - SUBPOENA
PH - PHONE      PN - PAROLEE NOTIFY

**USE ABBREVIATION FOR WITNESS DESIGNATION
STATUS:
A - ADVERSE         F - FRIENDLY
FW - FEARFUL WITNESS   V - VICTIM

REQUESTED BY:
S - STATE
P - PAROLEE

BOARD OF PRISON TERMS                                                                STATE OF CALIFORNIA
# NOTICE OF PAROLE REVOCATION RIGHTS AND ACKNOWLEDGEMENT
BPT 1100

*(Follows the ADA advisement and completion of the BPT 1073.)*

If the charges are referred to the Board of Prison Terms this is what will happen:

- You have a right to written notice of claimed violations of parole (CDC Form 1502b).
- You have a right to all evidence that will be used against you.
- You have a right to an attorney who will be assigned to represent you at all times during the revocation process.
- You have the right to ask your attorney to request an expedited (earlier) probable cause hearing if you have evidence that is a complete defense to the charges that are the basis of the parole hold.
- Effective July 1, 2005, you have the right to a probable cause hearing with your attorney and a Deputy Commissioner of the Board of Prison Terms within 10 business days of today if you are in custody. You have the right to present letters, documents, and speak on your own behalf at this hearing. The reason for the probable cause hearing is for the Deputy Commissioner to determine if there is enough evidence to keep you in custody until your revocation hearing and to try to settle your case on that date. At the probable cause hearing you will also be given the opportunity to discuss and accept or reject the offer given to you by the Deputy Commissioner.
- If you are in custody, you have the right to a revocation hearing within 35 calendar days from the date the parole hold was placed and to receive written notice of the date and time of the hearing.
- You have a right to be heard in person and to present witnesses and documentary evidence in your defense at a revocation hearing.
- You have a right to confront and cross examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation).
- You have a right to a neutral and detached hearing officer.
- You have a right to have your revocation hearing within 50 miles of the alleged violation.
- You have the right to subpoena witnesses in your defense to the same extent that the state can subpoena witnesses.
- You have a right to a written statement by the hearing officer as to the evidence relied on and the reasons for the decision and to receive a tape recording of the revocation hearing.

## Acknowledgement

1. I have been informed of my rights listed above.
2. I know that I will meet with an attorney. My attorney will tell me all my rights and the BPT return-to-custody assessment offer.
3. I have a copy of the papers and reports checked below.

☑ BPT Form 1073, Notification of Americans with Disabilities Act completed today
☑ CDC Form 1502(b), Charge Report
☑ BPT Form 1100, Notice of Rights and Acknowledgement
☑ Blank Form BPT 1100(b), Request for Witnesses
☐ Other: _____

I have read (or had read to me) the information above. I have been given copies of the papers, forms, and reports listed above

REFUSED

| Signature of Parolee | CDC Number | Date |
| --- | --- | --- |
| M. Aire | M. Aguilar | 4/01/08 |
| Signature of Staff Completing the Actual Notice | Print First Initial, Last Name | Date |

NAME Alexander, Robert    CDC # PDF071         INST/REGION II
                                                                                  3d.

BPT-1100 (Rev 12/04)              Distribution:  White – C-file, Canary – Inmate/Parolee

BOARD OF PRISON TERMS                                                          STATE OF CALIFORNIA
**NOTICE AND REQUEST FOR ASSISTANCE AT PAROLE PROCEEDING**
BPT 1073

| I.    PRE-INTERVIEW FILE REVIEW (STAFF ONLY) |

I acknowledge that I have reviewed all relevant and reasonably available central file and/or field file information prior to first contact with the inmate/parolee involved in this parole proceeding. For revocation proceedings, this file review must include, at the minimum, a review of the CDC Form 611 (revised 05/01) or a Parolee Disability Review Sheet (PDRS) and attached documents, if any.

Print Name: _____ Sign Name: _____ Date: _____

**Identified Disabilities**

☐ Mental Health Concerns (Circle One)  CCCMS   EOP   MHCB   DMH   128C dated: _____

☐ Developmental Disability (Circle One)  DD1   D1A   DD2   DD3   128C-2 dated: _____

☐ Physical Disability (Circle all that apply) (verified on CDC Form 1845 ) Dated _____

   **Mobility** (DPW / DPO / DPM / DNM)  **Vision:** (DPV/DNV)  **Hearing:** (DPH / DNH)  **Speech:** (DPS / DNS)

☐ Other Disability (that may limit access): _____ documented on _____ dated: _____

☐ Learning Disability documented on_____ dated: _____

☒ **NO DISABILITIES IDENTIFIED FROM THE FILE REVIEW.**

**Other Potential Assistance Needs:**

☐ Reading Level N/A   Total GPL N/A (If not available, note "N/A")

☐ Non-English Speaking (List language(s) inmate/parolee speaks):_____

| II. INMATE/PAROLEE RIGHTS & SELF IDENTIFICATION |

You have a right to receive help for your hearing. If you need help talking, reading, hearing, seeing, understanding or getting to your hearing, you have a right to that help. You have a right to receive help in meeting with your attorney.
If you do not speak English, you have a right to an interpreter. If you are deaf and use sign language, you have a right to a sign language interpreter. If you cannot read, the BPT or CDC must provide you with help to read the forms and papers. If you need special transportation, the BPT or CDC must provide it for you.

**Check all that apply:**

☐ I need help reading my documents.                      ☐ I need the following help to hear _____
☐ I need help understanding the procedures and forms.    ☐ I need the following help to see _____
☐ I need a sign language interpreter.                    ☐ I need to communicate in writing.
☐ I need a wheelchair and I ☐ do have one. ☐ do not have one.
☐ I do not speak English and need an interpreter in _____ (language)
☐ Other_____
☐ **I do not need any help for my parole hearing.**

X _____                                    X _____
  Inmate/Parolee Signature                    CDC #                    Date Signed

| III. INITIAL SERVICE OF RIGHTS (STAFF ONLY) |

I have informed inmate/parolee of his/her rights and charges, if any, and have determined that he/she:

☐ **Appears to understand**                    ☐ **Appears to have difficulty understanding**

☐ **Effective Communication Method Used:** (Foreign language interpreter, sign language interpreter, read/spoke slowly, assistive device, etc.)

_____

Additional Comments:_____

_____
Staff Name and Title (please print)          Staff Signature                    Date

| IV. BPT REVIEW FOR INTERNAL USE ONLY (Non-Lifer Cases) |

Accommodation(s)/Assistance to be provided at hearing(s): _____

_____

_____
Staff Name and Title (please print)          Staff Signature                    Date

_____
NAME          CDC #          TYPE OF HEARING          DATE OF HEARING          LOCATION

BPT 1073 (Rev 10/04)        Distribution: White – C-file, Canary – ADA Coordinator, Pink – BPT ADACU, Goldenrod – Inmate/Parolee

CIV-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Todd B. Rothbard<br>Attorney at Law # 67351<br>4261 Norwalk Drive, #107<br>San Jose, CA 95129<br>TELEPHONE NO.: (408) 244-4200     FAX NO.*(Optional):* (408) 244-4267<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 5672 Stoneridge Dr.
MAILING ADDRESS:
CITY AND ZIP CODE: Pleasanton, CA 94588
BRANCH NAME: Livermore-Pleasanton Judicial District

PLAINTIFF/PETITIONER: **BRADDOCK & LOGAN ASSOCIATES**

DEFENDANT/RESPONDENT: **SEVON ATIAS, ROBERT ALEXANDER**

| REQUEST FOR<br>(Application) | [X] Entry of Default     [X] Clerk's Judgment<br>[ ] Court Judgment | CASE NUMBER: VG08-376257 |
|---|---|---|

1. TO THE CLERK: On the complaint or cross-complaint filed
   a. on *(date):* March 12, 2008
   b. by *(name):* BRADDOCK & LOGAN ASSOCIATES
   c. [X]  Enter default of defendant *(names):* SEVON ATIAS, ROBERT ALEXANDER

   d. [ ]  I request a court judgment under Code of Civil Procedure sections 585(b), 585 (c), 989, etc., against defendant *(names):*

   *(Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)*
   e. [X]  Enter clerk's judgment
      (1) [X]  for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174 (c) does not apply. (Code Civ. Proc., § 1169.)
         [ ] Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The *Prejudgment Claim of Right to Possession* was served in compliance with Code of Civil Procedure section 415.46
      (2) [ ]  under Code of Civil Procedure section 585(a). *(Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)*
      (3) [ ]  for default previously entered on *(date):*

2. **Judgment to be entered.**

| | Amount | Credits acknowledged | Balance |
|---|---|---|---|
| a. Demand of complaint | $ 0 | $ | $ 0 |
| b. Statement of damages * | | | |
| (1) Special | $ 0 | $ | $ 0 |
| (2) General | $ 0 | $ | $ 0 |
| c. Interest | $ 0 | $ | $ 0 |
| d. Costs *(see reverse)* | $ 0 | $ | $ 0 |
| e. Attorney fees | $ 0 | $ | $ 0 |
| f. TOTALS | $ 0 | $ | $ 0 |

   g. Daily damages were demanded in complaint at the rate of: $ 36.50     per day beginning *(date):* April 1, 2008
   *(* Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)*

3. [X]  *(Check if filed in an unlawful detainer case)* Legal document assistant or unlawful detainer assistant information is on the reverse *(complete item 4).*

Date: April 11, 2008

TODD B. ROTHBARD                              ▶
_____                    _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| | | |
|---|---|---|
| | (1) [ ] Default entered as requested on *(date):* | |
| | (2) [ ] Default NOT entered as requested *(state reason):* | |
| **FOR COURT USE ONLY** | | Clerk, by _____, Deputy |

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-100 [Rev. January 1, 2007] | **REQUEST FOR ENTRY OF DEFAULT**<br>**(Application to Enter Default)** | Code of Civil Procedure,<br>§§ 585-587, 1169<br>www.courtinfo.ca.gov |

CIV-100

| PLAINTIFF/PETITIONER: BRADDOCK & LOGAN ASSOCIATES | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: SEVON ATIAS, ROBERT ALEXANDER | VG08-376257 |

**4. Legal document assistant or unlawful detainer assistant** (Bus. & Prof. Code, § 6400 et seq.). A legal document assistant or unlawful detainer assistant ☐ did ☒ did **not** for compensation give advice or assistance with this form.
*(If declarant has received any help or advice for pay from a legal document assistant or unlawful detainer assistant, state):*

a. Assistant's name:
b. Street address, city, and zip code:

c. Telephone no.:
d. County of registration
e. Registration no.:
f. Expires on *(date)*:

5. ☒ **Declaration under Code of Civil Procedure Section 585.5** *(Required for entry of default under Code Civ.Proc., § 585(a))*. This action

a. ☐ is ☒ is not on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).
b. ☐ is ☒ is not on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).
c. ☐ is ☒ is not on an obligation for goods, services, loans, or extensions of credit subject to Code. Civ. Proc., § 395(b).

6. **Declaration of mailing (Code Civ. Proc., § 587)** A copy of this *Request for Entry of Default* was

a. ☐ **not mailed** to the following defendants, whose addresses are **unknown** to plaintiff or plaintiff's attorney *(names)*:

b. ☒ **mailed** first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:

(1) Mailed on *(date)*:    April 11, 2008            (2) To *(specify names and addresses shown on the envelopes)*:

SEVON ATIAS,        ROBERT ALEXANDER
4872 BERNAL AVENUE,   4872 BERNAL AVENUE,
     UNIT #B          UNIT #B
PLEASANTON, CA 94566 PLEASANTON, CA 94566

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5, and 6 are true and correct.

Date: April 11, 2008

Lynn Vallez
_____
(TYPE OR PRINT NAME)                          (SIGNATURE OF DECLARANT)

7. **Memorandum of costs** *(required if money judgment requested)*. Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):

a. Clerk's filing fees ............................... $ 0
b. Process server's fees ........................ $ 0
c. Other *(specify)*: .............................. $ 0
d. ............................................................. $ 0
e. TOTAL ............................................... $ 0
f. ☐ Costs and disbursements are waived.
g. I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 11, 2008

TODD B. ROTHBARD
_____
(TYPE OR PRINT NAME)                          (SIGNATURE OF DECLARANT)

8. ☒ **Declaration of nonmilitary status** *(required for a judgment)* No defendant named in item 1c of the application is in the military service so as to be entitled to the benefits of the Servicemembers Civil Relief Act (50 U.S.C. App. § 501 et seq.).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 11, 2008

TODD B. ROTHBARD
_____
(TYPE OR PRINT NAME)                          (SIGNATURE OF DECLARANT)

Civ-100 [Rev. January 1, 2007]                **REQUEST FOR ENTRY OF DEFAULT**                Page 2 of 2
                                              (Appli…

STATE OF CALIFORNIA --DEPARTMENT OF CORRECTIONS AND REHABILITATION        ARNOLD SCHWARZENEGGER, GOVERNOR

## INMATE APPEALS BRANCH

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



June 11, 2008

ALEXANDER, ROBERT, P07071

RE: IAB# 0730719        STAFF COMPLAINTS

Mr. ALEXANDER:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal. The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal. The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process. The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

The CDC 602, Inmate/Parolee Appeal Form, must be completed through the Second Level of Review on behalf of the Warden or Parole Region Administrator.

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

FILED

AUG 19 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

#9

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. ALEXANDER, | No. C 08-2987 MMC |
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL** |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

On June 17, 2008, plaintiff, a California prisoner proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

Plaintiff alleges his constitutional right to due process was violated by an unlawful arrest that led to the revocation of his parole and subsequent incarceration by the State of California. He seeks monetary damages and injunctive relief.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v.

United States District Court
For the Northern District of California

1    Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

2    Plaintiff's damages claim is governed by the United States Supreme Court's holding

3    in Heck v. Humphrey, 512 U.S. 477 (1994). Under Heck, in order to state a claim for

4    damages for an allegedly unconstitutional conviction or term of imprisonment, or for other

5    harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a

6    plaintiff asserting a violation of 42 U.S.C. § 1983 must prove that the conviction or sentence

7    has been reversed or declared invalid. See id. at 486-87. A claim for damages arising from a

8    conviction or sentence that has not been so invalidated is not cognizable under § 1983. See

9    id.

10    Heck's rationale bars a claim for damages that calls into question the validity of a

11    prisoner's confinement resulting from an unlawful arrest, see Guerrero v. Gates, 442 F.3d

12    697, 703 (9th Cir. 2006), or from constitutional violations that occurred at a parole

13    revocation hearing. See Littles v. Bd. of Pardons and Paroles Div., 68 F.3d 122, 123 (5th

14    Cir. 1995); see also McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir.

15    1995) (holding Heck bars § 1983 action challenging revocation of supervised release). As

16    plaintiff claims herein that his current confinement has resulted from an unlawful arrest that

17    led to the revocation of his parole, his § 1983 damages claim is barred until such time as the

18    parole revocation has been reversed, expunged, set aside or otherwise called into question.

19    Accordingly, plaintiff's damages claim will be dismissed. See Trimble v. City of Santa Rosa,

20    49 F.3d 583, 585 (9th Cir. 1995) (holding claim barred under Heck may be dismissed sua

21    sponte without prejudice under 28 U.S.C. §1915).

22    Plaintiff's claim for injunctive relief also will be dismissed, as plaintiff can seek

23    release from his current term of confinement only by filing a federal petition for a writ of

24    habeas corpus, after he has exhausted his state remedies. See Preiser v. Rodriguez, 411 U.S.

25    475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his

26    physical imprisonment, and the relief he seeks is a determination that he is entitled to

27    immediate release or a speedier release from that imprisonment, his sole federal remedy is a

28    writ of habeas corpus.")

1       For the foregoing reasons, the above-titled action is hereby DISMISSED without

2  prejudice.

3       The Clerk shall close the file.

4       IT IS SO ORDERED.

5  DATED:  **AUG 1 9 2008**

6               MAXINE M. CHESNEY

7               United States District Judge

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


ROBERT JOSEPH ALEXANDER III,

        Plaintiff,

  v.

STATE OF CALIFORNIA et al,

        Defendant.
_____/

Case Number: CV08-02987 MMC

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 19, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Robert Joseph Alexander
P07071 Pen#AYC 552
5325 Broder Boulevard
Dublin, CA 94568

Dated: August 19, 2008

               Richard W. Wieking, Clerk

               *Tracy Lucero*

               By: Tracy Lucero, Deputy Clerk

1

2

3

4

5

6

7

8

9

10

FILED

AUG 1 9 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

#8

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. ALEXANDER,  ) | No. C 08-2727 MMC |
| Plaintiff,  ) | |
| )| **ORDER OF DISMISSAL** |
| v.  ) | |
| )| |
| CALIFORNIA PRISON  ) | |
| ADVOCACY PROJECT, et al.,  ) | |
| )| |
| Defendants.  ) | |
| ———————————  ) | |

11

12

13

14

15

16

17      On May 30, 2008, plaintiff, a California prisoner proceeding pro se, filed the

18  above-titled civil rights action pursuant to 42 U.S.C. § 1983.  By separate order filed

19  concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

20      Plaintiff alleges that on April 29, 2008, the California Board of Parole Hearings

21  ("Board") unlawfully revoked his parole.  Plaintiff, who currently is incarcerated pursuant to

22  said parole revocation, alleges the violation of his constitutional rights at the parole hearing;

23  he seeks monetary damages and injunctive relief.

24      A federal court must conduct a preliminary screening in any case in which a prisoner

25  seeks redress from a governmental entity or officer or employee of a governmental entity.  28

26  U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss

27  any claims that are frivolous, malicious, fail to state a claim upon which relief may be

28  granted or seek monetary relief from a defendant who is immune from such relief.  See id. §

United States District Court

For the Northern District of California

United States District Court
For the Northern District of California

1   1915A(b)(1), (2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v.

2   Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

3          Plaintiff's damages claim is governed by the United States Supreme Court's holding

4   in Heck v. Humphrey, 512 U.S. 477 (1994).  Under Heck, in order to state a claim for

5   damages for an allegedly unconstitutional conviction or term of imprisonment, or for other

6   harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a

7   plaintiff asserting a violation of 42 U.S.C. § 1983 must prove that the conviction or sentence

8   has been reversed or declared invalid.  See id. at 486-87.  A claim for damages arising from a

9   conviction or sentence that has not been so invalidated is not cognizable under § 1983.  See

10  id.

11         Heck's rationale bars claims for damages for harm caused by constitutional violations

12  that led to a prisoner's confinement following a parole revocation hearing.  See Littles v. Bd.

13  of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995); see also McGrew v. Texas

14  Bd. of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995) (holding Heck bars § 1983 action

15  challenging revocation of supervised release).  Here, plaintiff claims that his constitutional

16  rights were violated when the Board unlawfully revoked parole; as such, plaintiff's § 1983

17  claim is barred until such time as the Board's decision revoking parole has been reversed,

18  expunged, set aside or otherwise called into question.  Accordingly, plaintiff's damages claim

19  will be dismissed without prejudice.  See Trimble v. City of Santa Rosa, 49 F.3d 583, 585

20  (9th Cir. 1995) (holding claim barred under Heck may be dismissed sua sponte without

21  prejudice under 28 U.S.C. §1915).

22         Plaintiff's claim for injunctive relief will also be dismissed, as plaintiff can seek

23  release from his current term of confinement only by filing a federal petition for a writ of

24  habeas corpus, after he has exhausted his state remedies.  See Preiser v. Rodriguez, 411 U.S.

25  475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his

26  physical imprisonment, and the relief he seeks is a determination that he is entitled to

27  immediate release or a speedier release from that imprisonment, his sole federal remedy is a

28  writ of habeas corpus.")

2

United States District Court
For the Northern District of California

1    For the foregoing reasons, the above-titled action is hereby DISMISSED without

2 prejudice.

3    The Clerk shall close the file.

4    IT IS SO ORDERED.

5 DATED: AUG 1 9 2008

6    _____
      MAXINE M. CHESNEY

7    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


ROBERT J. ALEXANDER III,

        Plaintiff,

  v.

CA PRISON ADVOCACY et al,

        Defendant.

_____/

Case Number: CV08-02727 MMC

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 19, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Robert J. Alexander
 P07071
AYC-552
5325 Broder Boulevard
Dublin, CA 94568

Dated: August 19, 2008

                Richard W. Wieking, Clerk

                *Tracy Lucero*

                By: Tracy Lucero, Deputy Clerk

Robert J. Alexander
P6 70741 AYC-BG-127
Pro-per 9-B-14
5325 Broder Blvd.
Dublin, CA. 94568

RECEIVED
AUG 28 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

To: Richard W. Wieking
Clerk, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 Goldengate Ave.
P.O. Box 36060
San Francisco, CA. 94102-9680
(Federal courthouse building

OAKLAND, CA
2008
PM
AUG 27
94615

PER

EGAL MAIL —

CONFIDENTIAL *LEGAL MAIL* —

U.S.

EXHIBITS ENCLOSED

For: CV08-3961 MMC (PR)

S. JOHNSON
#1914